### JEFFRIES v. LAURIE.[1]

*(Circuit Court, E. D. Missouri. May 1, 1885.)*

1. ATTORNEY AND CLIENT—RETENTION OF MONEY COLLECTED—PRACTICE.
    Where an attorney collects money for his client in a suit instituted here, and keeps it, the court will make an order requiring him to pay it over, and, if he fails to obey, will take measures to prevent his further practicing before it.

2. SAME—DISPUTE AS TO FEES.
    Where, in such a case, the attorney claims that his client is indebted to him for his services and expenses in a certain sum less than the amount collected, and the client denies that the amount claimed is due, the court will order the surplus over what the attorney claims to be paid over.

3. SAME—PARTNERSHIP—PARTIES.
    Where an attorney brought suit for a client while in partnership with another attorney, and, after the firm was dissolved, collected a large sum and retained the whole, and more than five years after said dissolution said client applied for an order to compel his attorney to pay over the amount collected, *held*, that the fact that there is an unsettled account between the said partners, involving a comparatively small sum, is not a sufficient ground for refusing the order against the attorney who made the collection alone.

Motion for an Order to Compel Joseph S. Laurie to pay over money collected for C. S. Jeffries, administrator.

On March 25, 1885, this matter was called up, and Judge BREWER said:

"Evidently there has been some misunderstanding between the counsel and the court as to the *status* of this case, and I have been waiting for some days in the hope that counsel on both sides would be present, so that I could put the thing in proper shape for disposition. I see they are here this morning, in response to the notice that I required to be given yesterday.

"The facts in this case, as they are disclosed by the papers here, are these:

"Jeffries, administrator of Kennedy, deceased, brought an action against an insurance company, and recovered judgment here. The case was taken to the supreme court. While the case was pending there, the attorney or

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

attorneys for Jeffries compromised that judgment and received payment. Jeffries, by his attorney, Mr. Crews, filed a motion, setting up the original judgment and payment, and saying that Joseph S. Laurie, counsel for Mr. Jeffries, the administrator, received between nine and ten thousand dollars in that settlement; that Mr. Laurie is an officer of this court, an attorney admitted to practice here; that he has failed to pay over the money thus collected to his client, and asks the order of this court that he be directed to pay it over.    That petition was filed by Mr. Jeffries, through Messrs. Crews & Bragg, as attorneys, some time last spring.

"To the petition setting forth these facts, Mr. Laurie filed an answer setting forth as one matter that there had been no adjustment of his fees; that the fee was contingent, etc.    I think that cuts no figure in the case, even if his compensation as counsel was contingent and unsettled    An attorney may not withhold the entire proceeds of the collection to enforce an adjustment as to the amount of fees which he claims; he is bound to pay over that about which there is no dispute, and then afterwards settle that as to which there is a dispute.    But beyond that, he says that it would be unjust to proceed in this summary way to compel the payment of the money thus collected, because, as stated, Mr. Crews, the attorney of Mr. Jeffries in this present motion, a son-in-law of Mr. Jeffries, (though I do not think that makes any difference,) was a partner of Mr. Laurie when this suit of Jeffries, administrator, against the insurance company was commenced; that they were partners in business as attorneys; that there were difficulties which arose between them; that there is an unsettled account between them; that Mr. Crews collected a fee of $20,000 belonging to the partnership of Crews & Laurie, which he pocketed and refused to account for; and that this proceeding on the part of Mr. Jeffries, administrator, is in bad faith, in that it is against Mr. Laurie, one of the firm, and not against Crews & Laurie, the partners; and that the object is by a summary order to compel one member of this firm to pay over moneys which had been collected by the firm, leaving that member of the firm to his action for an accounting with his partner, who has, according to the statement, collected $20,000—double the amount of this judgment—and pocketed it.    That, briefly, is an outline of the answer set forth by Mr. Laurie.

"Last fall, when I was here, the papers were handed to me, (there was no testimony accompanying them,—just simply the petition and answer,) on the claim made by Mr. Crews for the petitioner, that, notwithstanding these facts set up in this answer of Laurie, they were entitled, as of right, to this order    Well, I looked it over, and it seemed to me that they were not entitled to such an order, if the facts were as stated in the answer, and I returned the papers, saying that there must be testimony presented to me as to the facts in the case.    No testimony has yet been taken; no traverse, in any shape or form, has been filed to this answer of Mr. Laurie.    So it stands to-day, upon the statement of Jeffries, administrator, that one of the firm of Crews & Laurie has this amount of money which he has failed to pay over, and the counter-statement of Mr. Laurie not denying the receipt of that nine or ten thousand dollars, but saying that it is a proceeding in bad faith introduced by his former partner to use the summary processes of this court to compel him to pay over money collected by the firm, and avoid an adjustment of the partnership account between himself and his former partner.

"Well, we might as well look at these questions squarely; there is no use of trying to avoid them.    If an attorney collects money and fails to pay it over, he is an officer of this court, and it is the duty of this court to make an order requiring him to pay over that money, and, if he fail to pay it over, then take such measures as will prevent his further practicing in this court. It is the simple question whether an officer of this court discharges his duty by his client.    And if this proceeding had come from an entire stranger to this transaction, I should have suggested to him to make both members of

the firm parties defendant,—let them both appear,—and if the fault rested with one, why that one alone would be summarily punished. But while that is true, and it is equally true that, independent of any relations between the partners, any client may maintain his action against either one of the partners for money collected by the firm, whether he was the individual that received the money or not; yet when it comes to these summary proceedings, in which the court does not simply determine the legal rights, but endeavors to preserve the character of the bar, and to see that no wrong is done by one of them to a third party, or by one of them to a brother lawyer, then the question comes in a little different shape.

"Of course, I know nothing about this case except what appears upon these statements; and if it be true that Mr. Crews has collected $20,000 belonging to the firm of Crews & Laurie, and that Mr. Laurie has collected $10,000 of a judgment which, less the fees, goes to the petitioner, then I shall say that such petitioner must proceed against the firm of Crews & Laurie, and that neither one of them will be released from the obligation to pay by reason of any differences between themselves, or absolved from the reach of the order of this court *directing payment, or any subsequent remedies which are proper* in the case; that is, I do not propose in this summary way to use the process of the court to perfect or prevent an adjustment of partnership affairs between the partners. If it is a mere excuse, a mere sham, a mere pretense, which Mr. Laurie has put forth to avoid payment, that fact must be developed, and when developed it will be disregarded without hesitation. If it is an honest claim,—if it is true that Mr. Crews, the son-in-law of the petitioner, has in his pocket twenty thousand dollars of fees belonging to the firm of Crews & Laurie,—then I would not allow Mr. Crews' father-in-law or any friend of his to take a summary order against Laurie alone; I would let him have an order against Crews & Laurie, and enforce it against both. That is the way it impressed me before and still impresses me. So I state to them that there seems to be a misunderstanding in regard to it, and that I shall want testimony to show what the facts are. Of course, there is no dispute as to what the facts are of record; but there has been no formal traverse filed to this reply of the respondent, Mr. Laurie. Counsel are both here, and I wish to put the matter in such a shape that there shall be a formal traverse making up the issues, so that each party can make his showing of the case. So far as this defense is concerned, it is a matter which Mr. Laurie must establish if it is traversed. As I said, there has been no traverse, and so the order will be that the petitioner can traverse within three days, for it requires but a little time to traverse this return or answer of Mr. Laurie; and that within 10 days thereafter Mr. Laurie may, by affidavit or deposition, present his testimony as to the facts in that answer or return of his; and petitioner can have ten days thereafter, in a similar way, to file affidavit or take testimony by deposition as to his understanding of the facts; and then I will have the matter before me as to whether this return is a mere excuse to avoid an obligation a lawyer owed to his client, or whether it is an honest presentation of a dispute as between partners. Until I know those facts, I do not feel like making any peremptory order in the matter. As there seems to have been some misunderstanding, counsel were notified to be here this morning, that they might have the matter stated when they were both present."

The answer having been traversed and affidavits filed, the following opinion was delivered.

*T. B. W. Crewes,* for plaintiff.

*Joseph S. Laurie, pro se.*

BREWER, J., *(orally.)* In this case of *Jeffries* v. *Laurie* counsel are not present, but as I shall leave the city to-night or in the morn-

ing I must dispose of it. It is one of those cases that it is not very pleasant for the court to consider or decide. It is an application by Mr. Jeffries, as administrator *de bonis non* of the estate of Allen A. Kennedy, for an order on Joseph S. Laurie, who was his attorney in a case brought against the Mutual Life Insurance Company of New York, to pay over moneys collected by him, and belonging to the administrator. There has been a long and bitter controversy, which it is not necessary to enter upon, but it appears that in 1879 Mr. Laurie, as the attorney of the administrator, settled the case which was then pending against the insurance company, and received in cash $9,401. None of that money has ever been paid to the administrator. Mr. Laurie claims that there was an agreement for a contingent fee for one-half the amount collected, and that he went to the expense of two trips to New York city, amounting to $130, leaving, according to his own statement, $4,635.50 belonging to the administrator, and which, on or before the tenth of March, 1880, he stated that he had in his hands for the administrator, and which he was ready to pay over upon the signing of a receipt by him prepared, and recognizing the correctness of the contingent fee. The counsel for Mr. Jeffries in this application is Mr. Crews. At the inception of the litigation against the insurance company Mr. Crews and Mr. Laurie were partners. That partnership was dissolved in 1873 or 1874. There has never been a settlement between those gentlemen of their partnership affairs, and Mr. Laurie resists this application, on the ground, as alleged in his answer, that his partner had collected from Franklin county large fees, amounting to $15,000 or $20,000, and failed to account with him, and that this proceeding by the administrator, the father-in-law of Mr. Crews, was at the instigation of Mr. Crews, and simply an attempt in this summary way to prevent a settlement of the partnership affairs between the two partners; Mr. Crews being, as claimed, financially irresponsible.

This matter has been here some time, and in the fore part of this term I directed both parties to file affidavits within a certain time, and make such showing as they saw fit to do with reference to the actual affairs,—the underlying facts; and the testimony has been presented. I do not think, from that testimony, that Mr. Laurie has any interest in the Franklin county fees; and, while there is an unsettled partnership account between them, the amount involved therein is nothing like the $9,000 received and retained by Mr. Laurie. Of course, in this summary way no partnership affairs can be settled; and, while it would have relieved this case of all embarrassment if the administrator had filed this application against both Messrs. Crews and Laurie, yet I do not think that there is developed enough in the testimony to justify Mr. Laurie in retaining this $4,635, which unquestionably belongs to the administrator. If there was, and there is, an unsettled partnership account between Messrs. Crews and Laurie, the matters involved therein were closed more

than five years ago, and they ought not now to relieve from the duty resting upon a lawyer, holding money which unquestionably belongs to his client, to pay that money over. If he had any claim to retain that, or any portion of that amount, as between himself and his partner in legal business, it was his duty to have proceeded to an accounting, and have had the matters between himself and his partner adjusted long before this. Whatever might have been the results of such an accounting, from the testimony here it seems very clear to my mind that there would not have been found due Mr. Laurie, if anything, certainly nothing like the $9,000 by him received.

The relations between a lawyer and his client are not those merely of debtor and creditor. The lawyer collects money of his client, so to speak, in trust for him, and it is the duty of the court, in upholding the character of the profession, to see that moneys so collected are paid to the client. It would be very hard, indeed it would work lasting disgrace to the profession, if, when a lawyer collects money belonging to his client, the only remedy which the client has is a suit at law against the lawyer. There is here a dispute as to whether counsel were entitled to the contingent fee of half the collection. Be it so. Such dispute the court is not called upon to settle in any summary proceeding. But there is no dispute but that $4,635—one-half— does belong to the estate,—to the administrator; and there is no question but that the person who received that money—the whole $9,000— is Mr. Laurie. I do not think that it lies in his mouth to say, having received that money—the whole of it,—"I won't pay over the half which I admit belongs to the administrator, simply because I have got an unsettled partnership transaction with my former partner in the practice." He has had time enough to settle that. He admits the amount of $4,625 is due the administrator; and while Mr. Crews may be the son-in-law of the administrator, (and, as is very patent, there is a great deal of bitterness of feeling and a good many things that do not reflect much credit on either party,) yet the administrator stands here without the money; Mr. Laurie having received it, admitting that some of it is unquestionably due, and disputing only as to whether such amount should not be paid by his former partner.

As I said in reference to this case at the first of this term, courts will not attempt to settle partnership affairs between members of the bar by any summary proceedings of this nature; but it is also true that they will not permit a failure of such partners to make a settlement, especially when that failure is prolonged for many years, to become an excuse to either partner for holding moneys concededly belonging to the client.

I think justice requires that an order should be made—a summary order—for the payment of this undisputed amount into court for the benefit of the administrator; and the order will be that Mr. Laurie, within 90 days, pay to the clerk of this court the sum of $4,635.50.