---

## In re RUDE.

(District Court, D. Kentucky. May 24, 1900.)

1. BANKRUPTCY—FEE OF CREDITOR'S ATTORNEY—LIEN.

Where a creditor claims priority of payment out of the estate of a bankrupt on the ground of his having a lien on property of the bankrupt, and is opposed by the trustee and by other creditors, the attorney for such claimant, who successfully prosecutes the claim in the court of bankruptcy, and secures its allowance, is entitled to a lien for his services on the fund thus secured for his client; and the court of bankruptcy has jurisdiction to determine the right to such lien, fix its amount, and enforce it in the distribution of the property.

2. SAME—TRIAL BY JURY.

In a proceeding in a court of bankruptcy to determine the amount to be allowed as a fee to the attorney of a creditor out of such creditor's distributive share of the estate, a trial by jury may be allowed in the discretion of the court, but cannot be claimed as a matter of right, proceedings in bankruptcy being equitable in character.

3. SAME—UNAUTHORIZED DISTRIBUTION BY TRUSTEE.

Where a trustee in bankruptcy has paid to a lien creditor of the bankrupt his distributive share of the estate, but without any warrant or order of the referee or the court so to do, and the court afterwards determines that such creditor's attorney is entitled to a lien on the fund for his services in securing its allowance, the money must be regarded as still

in the hands of the trustee, and he will· be required to satisfy the claim of the attorney.

**4. SAME—AMOUNT OF FEE.**
Where an attorney representing a lien creditor of a bankrupt received from his client a retainer of $250, and .successfully prosecuted the client's. claim in the court of bankruptcy, expending not more than 35 days of professional labor upon it, and receiving payment from another for a material part of his work, and the amount finally established as due to the creditor and allowed out of the estate was $7,300, and the referee in bankruptcy decided that the attorney was entitled to receive out of this sum a fee of $2,500, *held*, that the allowance was excessive, and should be reduced to $1,500.

In Bankruptcy. On review of decision of referee in bankruptcy.

T. F. Hallam, for claimant Sidney G. Stricker.

S. D. Rouse and J. W. Bryan, for trustee in bankruptcy.

EVANS, District Judge. The questions raised upon the petition of J. H. Mersman, trustee, for a review of the rulings of the referee on the claim of Sidney G. Stricker, an attorney, to a lien upon the avails of the claim of J. L. Board, doing business as G. A. Crosby & Co., a preferred creditor herein, and which the attorney has prosecuted to a successful result in these proceedings, are: First. Has this court jurisdiction in these proceedings to adjudicate and determine the right of the attorney to a lien upon the claim he prosecuted? Second. Was the refusal of the referee to have a jury pass upon the amount of the attorney's claim proper? Third. Has the attorney a lien in this instance of such a nature as to force the trustee to satisfy it, notwithstanding he has distributed the fund, such distribution having been made .by him without the order of the referee or of the court? And, fourth, was the amount adjudged to the attorney by the referee excessive?

1. In order to settle and distribute a bankrupt's estate, all questions necessary to the ascertainment of the amount to be paid to each party to the proceedings must be adjudicated and determined by this court. We think this fairly includes matters like the one before us as· necessary incidents. The assets of the bankrupt's estate were within the control of the court, and must be distributed under its orders. The distribution must extend to the entire estate. In fixing the amount to be paid to a creditor in such distribution, it would manifestly be unjust for the court to ignore the claim of his attorney to a lien upon that amount for services rendered by him in the case, and thus arbitrarily defeat the attorney's lien, however meritorious and valuable his services might have been in the effort to collect his client's claim through the bankruptcy proceedings. That there is a lien in favor of the attorney, and that it may be enforced in this court, seems to admit of no doubt. Cowley v. Railroad Co., 159 U. S. 575, 16 Sup. Ct. 127, 40 L. Ed. 263; Railroad Co. v. Pettus, 113 U. S. 127, 5 Sup. Ct. 387, 28 L. Ed. 915; section 107, Ky. St.; and 3 Am. & Eng. Enc. Law (2d Ed.) 447–452.

2. Bankruptcy proceedings are equitable in character, and while the court, or, possibly, the. referee, might have had a jury to pass upon the amount of the attorney's fee, that was a matter of discretion, and

not of right. The court does not understand that in equitable proceedings parties have a right to have an issue tried out of chancery by a jury. Section 19 of the bankrupt act, and section 648 of the Revised Statutes, in relation to trials in circuit courts, do not, in my judgment, affect this result.

3. The trustee made the distribution in this case without any order or judgment as a basis for it, and this action of his cannot defeat the rights of the attorney if they otherwise existed. There was no legal warrant for the distribution, and the trustee, when making it, took the chances of disapproval in whole or in part. The fund must be regarded as still in the hands of the trustee, and under the control of the court, to be paid out according to its order.

4. But the court is clearly of opinion that the amount of the fee, as fixed by the referee, is too large. There was no express contract between the attorney and his client for any fee, either certain or contingent. The attorney, therefore, upon the implied contract is only entitled to a just and reasonable compensation. The court is of opinion that $1,500, exclusive of the retainer of $250, already paid, would be a fair and just compensation for the services of the attorney. The client appears to have been perfectly solvent, so that there was no element of uncertainty about the payment of a proper compensation to the attorney. If the latter devoted himself and all his labors exclusively to this work for 35 full days, or their equivalent in fractions of days, the fee now fixed, including his retainer, would be $50 per day on a demand for $7,300. We do not find that he worked so much as this, but, giving him the benefit of a liberal construction of the evidence, we think the sum allowed is ample compensation, particularly as the testimony shows that he was paid by another for a material part of the labors he describes in his deposition. The referee will therefore reduce the amount adjudged to the attorney from $2,500 to $1,500. As thus modified, the rulings of the referee are approved and confirmed.