## IN RE GILBERT.

PROCEEDINGS FOR DISBARMENT OR CONTEMPT.

Order entered March 19, 1928.

1. The former order of this Court, 259 U. S. 101, limiting the compensation allowable to the respondent herein, as master in the New York Gas cases, applied not only to the part taxable to the City of New York as costs, but also to the part paid by the successful plaintiffs.  P. 297.

2. A master in the District Court, who, despite a decree of this Court limiting his allowance, retained excessive fees, relying on the tolerance and favor of the successful litigants that paid them, and who persisted further by securing, with their acquiescence, a futile declaratory judgment in the state court declaring that he owed them nothing—held guilty of wrong doing, for which, in addition to restoring the excess amounts, with interest, he must be suspended from his rights and privileges as a member of the bar of this Court for six months, and be assessed the costs of this proceeding.  P. 298.

RETURN to an order upon the respondent to show cause why he should not be disbarred from this Court and punished for contempt, because of his having retained master's fees allowed him by the District Court but adjudged excessive on appeal here. For an earlier decision in this proceeding, see *ante,* p. 6. See also 259 U. S. 101; 275 U. S. 499.

*Mr. James M. Beck* for the respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This proceeding was begun by a Rule issued November 21st last against Abraham S. Gilbert, of New York, a member of the bar of this Court, directing him to report concerning fees or allowances to him as master in a number of causes known as the *New York Gas Cases,* in the District Court for the Southern District of New York, exceeding the maximum amount which had been held by this Court on review of the cases to be permissible, although our decision was announced in the October Term, 1921. 259 U. S. 101. Gilbert was required to show cause why on this account his name should not be stricken from the roll of attorneys permitted to practice in this Court, or he be punished for contempt or otherwise dealt with as the circumstances required. On the return day, January 16th, he presented himself and was heard by counsel. On January 23d, this Court announced in an opinion, in which the facts were set forth, that it was Gilbert's duty, without further delay, to return the excess with interest thereon at 6 per cent. from May 15, 1922, and further action was then postponed until Monday, February 20, 1928. On that day the respondent presented himself and submitted cancelled checks and receipts showing his payment of the excess to the parties litigant entitled thereto, with interest as ordered, the aggregate being $92,744.32.

This case now comes on for final action.

In his answer the respondent suggests that he had never had any opportunity on his own behalf to show by hearing and argument the justice of the compensation awarded to him by the District Court, and seeks to raise doubt as to the conclusion we reached, that the allowance made to him was an abuse of discretion by the District Court. Our conclusion was the result of a careful examination of the statement made by the then master, the present respondent, as to the labor he had performed, and after full consideration. We were desirous of making it clear by our action that the judges of the courts, in fixing allowances for services to court officers, should be most careful, and that vicarious generosity in such a matter could receive no countenance.

The respondent further says:

" In reversing the orders appealed from, this Court made no order or direction which required me to return the excess fee that had already been paid me by the Gas Companies. Neither the District Judge, who entered the orders in compliance with the mandate of this Court, nor counsel for the Gas Companies, nor counsel for any of the defendants, ever even suggested that the decision or mandate of this Court required the entry of orders by the District Court Judge directing the return by me of the excess fees to the Gas Companies, which had willingly paid them in the first instance and had believed them to be fair in amount.

" Upon receipt of the mandate of this Court, the District Court, upon notice to all parties, without any action on my part, and without any appearance by me, entered the order in the Consolidated Gas case as follows:

" ' 1. The judgment of the Supreme Court of the United States is hereby made in all respects the judgment of this Court.

" ' 2. The compensation of A. S. Gilbert as Special Master herein, to the extent of $28,750, together with the sum of $655.38 for necessary disbursements of the Master, shall be taxed as costs in this suit, to be paid equally by the defendants as provided by the final decree, dated August 11, 1920.'

" Similar orders were entered in the remaining seven cases, directing the taxation of costs against the defendants in the sums fixed by this Court.

"All of the parties to the litigation thus placed a construction upon the decision of this Court which left the compensation directed to be paid to me unchanged, except as to the amounts that could be taxed as costs against the appellants; and it is apparent from the form of the order upon mandate that the District Judge took the same view of the effect of the' decision of this Court."

It is enough to say that we differ entirely from the inference that this Court intended that the referee should retain as his fees moneys already paid him. There is nothing in the record justifying the suggestion that this Court intended to allow any other compensation than that which was discussed and decided in its opinion. If the parties or the District Judge conceived that this Court desired to eliminate as negligible from its decision the fees already paid the referee, there was no warrant for the assumption.

The fees which had been paid and the failure to return them did not affect the amount of the costs due from defendant, the City of New York, which was only one-half of fees allowed by this Court. Thus the city was not prejudiced by respondent's failure to return the amount due. The officers of the companies litigant seem to have been so satisfied with winning the merits of the issue between them and the City of New York as to be willing that the referee should retain the illegal excess which,

under our decision, belonged to them. Thus it came to pass that the parties who would naturally have seen to it, by application to the District Court, or this Court, that our decision was complied with, took no action and virtually acquiesced in a defeat of our decision.

If, in the opinion of the Gas Companies and of the District Judge, our conclusion in the case was mistaken and unjust, it was open both to the respondent Gilbert and to the Gas Companies to bring the matter again before this Court for reconsideration, instead of allowing our decision to be defeated. But, instead of coming to the tribunal which had authoritatively decided the matter, Gilbert relied on the tolerance and favor of the litigant companies, in whose favor on the merits of the case he had decided the issue, not to move for compliance with our decision. This was the front of his wrongdoing. He persisted further by a futile proceeding in a New York state court to secure a declaratory judgment that he owed nothing to the litigant companies, although such an obligation to pay them was the necessary effect of our decision and the existing facts known to him. In that proceeding he evidently relied again on the friendly attitude of the litigant companies and their acquiescence, though against their pecuniary interest. The so-called declaratory judgment was futile.

We realize that by our order we have required not only restitution of what Gilbert kept in excess of our decision, but also six per cent. interest thereon for nearly six years, so that his restitution now leaves him little out of the fee which we held he was entitled to receive. More than this, he paid income taxes for one year on the whole fee as allowed by the District Court.

But mere restitution is not enough, considering respondent's departure from duty. We must give our action a punitive quality to mark the high obligation of the members of the bar to respect the decisions of the Court. The

order will be that Abraham S. Gilbert be suspended from his rights and privileges as a member of the bar of this Court for six months from this day and that he pay the costs of this proceeding.