In re DEBBINS.

No. 2379.

District Court, E. D. Michigan, N. D.
Nov. 24, 1931.

McTaggart & Krapohl and Michelson & Pearlstine, all of Flint, Mich., for trustee in bankruptcy.

Irwin I. Cohn and Samuel R. Greenbaum, both of Detroit, Mich., for respondents.

Louis Gottlieb, of Detroit, Mich., for bankrupt.

TUTTLE, District Judge.

This matter is before the court on a summary order, entered on the motion of the

Citizens' Commercial & Savings Bank, of Flint, Mich., the trustee in bankruptcy for the estate of Joseph M. Debbins, bankrupt, requiring the respondents Irwin I. Cohn, Samuel R. Greenbaum, and Louis A. Gottlieb, all attorneys at law in the city of Detroit admitted to practice in this court, to show cause why they should not pay to the said trustee certain sums received by them, prior to the filing of the involuntary petition in bankruptcy herein, under the circumstances hereinafter described. Proofs have been taken in open court and briefs submitted thereon, all of which proofs and briefs have received careful consideration.

The material facts, as from the record I find them to be, may be stated, sufficiently for the purposes of this opinion, as follows:

Within four months prior to the filing of the said petition in bankruptcy, the bankrupt, who resided and conducted a retail dry goods store in Flint, Mich., being insolvent and under pressure from certain of his creditors and believing that bankruptcy proceedings against him were imminent, consulted as his attorney the said Gottlieb and on December 23, 1930, accompanied him to the office of the said Cohn, who represented a certain association of wholesale dry goods merchants, some of whom were creditors of the bankrupt. Thereupon, and on the same day, after a conference between the bankrupt, his said attorney, the said Cohn, and the said Greenbaum, who was an attorney in the office and employ of Cohn, the bankrupt executed a trust mortgage covering his stock of store merchandise and fixtures and running to one C. J. Fink, of Detroit, as trustee for the benefit of creditors of the bankrupt. This mortgage expressly authorized the trustee to pay "a reasonable fee" both to counsel for the trustee and to the attorney for the mortgagor, and provided for foreclosure of the mortgage and sale of the mortgaged property on the posting or publication of five days' public notice. At the time of the execution of this mortgage it was understood and arranged by all of the persons just mentioned that a foreclosure and sale thereunder would be had immediately, and accordingly notices of such a sale to be held December 29, 1930, were at once mailed to the creditors of the mortgagor. This sale was held on that date and brought the sum of $11,000 as the purchase price for all of the mortgaged property. The said Fink, whose name thus appeared in the mortgage as trustee, did not in reality act as such trustee, but was a stenographer in the office of the said Cohn and her relation to the mortgage was wholly nominal and fictitious; all receipts and disbursements in connection with the mortgage being made by the said Greenbaum, who, with the knowledge and consent of all of the persons mentioned, assumed the role and duties of such trustee.

Immediately after the sale Greenbaum, from the proceeds thereof, paid to himself the sum of $550 as compensation for his services as trustee; to Cohn $600, as a fee for his services as attorney for the mortgage trustee; to Gottlieb $600, ostensibly as a fee for his services as attorney for the mortgagor. He also paid from the proceeds of the sale certain expenses of such sale, and, after the appointment of the receiver in this bankruptcy proceeding, paid the balance of such proceeds to such receiver, now the trustee in bankruptcy herein. The object of the petition here involved is to recover, for the benefit of the bankrupt estate, the amounts of the aforementioned fees alleged to have been improperly paid to, and received by, these attorneys. It is argued by the respondents that they are adverse claimants within the meaning of the Bankruptcy Law, and that therefore a plenary suit, and not this summary proceeding, is the proper remedy of the trustee in bankruptcy for the recovery of these moneys, while the trustee in bankruptcy contends that, as the payments in question purported to be attorneys' fees and were made by and to attorneys of this court, the propriety of such payments may be challenged in this summary proceeding, both under the provisions of section 60d of the Bankruptcy Act (11 USCA § 96(d) and by reason of the implied, inherent power of this court over its attorneys.

The section of the Bankruptcy Act thus invoked provides as follows:

"If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

In view of the bankrupt's expectation, at the time of his execution of this mortgage, of the involuntary bankruptcy which so soon

followed, his apparent intention to liquidate his assets through the form of this trust mortgage, the naturally resulting payment of attorneys' fees which he is presumed to have intended, the fictitious character of the trustee nominally designated, the consequent effect of the mortgage as a transfer from the bankrupt to the attorney who actually handled these funds, the relations between the attorneys concerned, and all of the surrounding circumstances as shown by the record, there is much force in the argument of the trustee in bankruptcy that these payments are now reviewable by the court in a summary proceeding under the provisions of section 60d, just quoted. In re Wood, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046; Pratt v. Bothe, 130 F. 670 (C. C. A. 6); In re Rolnick, 294 F. 817 (C. C. A. 2); Slattery v. Dillon, 17 F.(2d) 347 (C. C. A. 9); In re Klein-Moffett Co. (D. C.) 27 F.(2d) 444.

It is, however, unnecessary to determine whether section 60d of the Bankruptcy Act is applicable to the facts in the present case, as, in any event, it is entirely clear that this court, in the exercise of its general authority over the professional conduct of its attorneys, as officers of the court, towards their clients, has jurisdiction to deal summarily with the situation here presented. In re Gilbert, 276 U. S. 294, 48 S. Ct. 309, 72 L. Ed. 580; Jeffries v. Laurie (C. C.) 23 F. 786; In re Badger, 9 F.(2d) 560 (C. C. A. 2); Lynde v. Lynde, 64 N. J. Eq. 736, 52 A. 694, 58 L. R. A. 471, 97 Am. St. Rep. 692; People ex rel. Karlin v. Culkin, 248 N. Y. 465, 162 N. E. 487, 60 A. L. R. 851.

If these attorneys have, by the transaction already described, taken from the bankrupt and his estate, in the guise of reasonable attorneys' fees, an amount in excess of the fair value of any services rendered by them therefor, I have no doubt that such conduct is a proper subject for examination and correction by this court in this summary proceeding. I have carefully considered all of the evidence relative to the nature and extent of the services for which these fees were paid. To recite or discuss this evidence in detail would serve no useful purpose. It is sufficient to say that, viewing the facts and circumstances in the light most favorable to the respondents, and giving full weight to all of their testimony, I am satisfied by the proofs, and I find that the fair and reasonable value of the services rendered by each of the respondents

Cohn and Gottlieb for which each received the sum of $600, is not shown to have exceeded the sum of $100 each, and the difference between those amounts should now be refunded by them, respectively, to the trustee in bankruptcy. With respect, however, to the fee of $550 retained by the respondent Greenbaum as his own compensation, the evidence shows that he is the only person who performed any substantial amount of work in connection with this mortgage, and I am not convinced by such evidence that the compensation so retained by him exceeds the reasonable value of such work. I conclude, therefore, that the trustee in bankruptcy is not entitled to recover any part of the amount last mentioned.

An order will be entered in conformity with the terms of this opinion.