### FANNING v. POE et al.

No. 7604.

Circuit Court of Appeals, Fifth Circuit.

April 17, 1935.

708

attorney's charging lien upon dividends payable to the receivers on these claims. The referee entertained the intervention, and, after hearing testimony on it, found for appellant, and charged the dividends with a lien, for $1,745. On petition for review the District Judge was of the opinion that the fixing of appellant's fees and their charging against the dividends was alone for the court which had appointed appellant and the receivers, and authorized them to obtain possession for the receivership estate, of the dividends in question. He dismissed the intervention and remitted the whole fee controversy to the state court. This appeal is from that order. Appellant urges upon us that the court of bankruptcy not only had jurisdiction to entertain his intervention, but was obligated to do so. He urges further that if the jurisdiction was not obligatory, there was an abuse of discretion in not exercising it.

E. Clem Powers, of Atlanta, Ga., for appellant.

Elbert P. Tuttle, of Atlanta, Ga., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is an attorney and counselor at law, duly admitted to practice as such in the courts of the state of New York. Authorized by the court of their appointment, the Baltimore city court of Baltimore, Md., to do so, Bushman and Poe, receivers for Hambleton & Co., retained and appointed him to represent them in the court of bankruptcy in the defense and collection of Hambleton & Co.'s claims against Lane Drug Stores, Inc., bankrupt.

Having gotten into a controversy with the receivers over the amount of his fee, no amount having been fixed in the order authorizing his appointment, appellant, without submitting the matter to the decision of the court of his appointment, or obtaining its authority to submit it to any other, filed an intervention in the bankruptcy proceedings to fix the amount of his fee and to obtain payment of it by establishing an

We do not think so. We may assume, without deciding, that appellant has an attorney's charging lien under the Georgia statutes, and that, in the case of an ordinary creditor, of representation under personal appointment, a court of bankruptcy sitting in Georgia would be authorized to and would determine the amount due an attorney, and charge the recovery made by his efforts with the attorney's charging lien the Georgia laws give.[1] But this is not the case of an ordinary creditor. This is the case of an attorney, an officer of a state court, appointed under the authority of that court, and representing that court in reducing to possession and bringing within its jurisdiction assets of which that court, whom appellant represents, through its receivers, has custody. As soon as the dividend was declared and made payable to the receivers of that court, it became an asset of that court, subject to its administration, and it was for that court, and that court alone, to fix the fees and disbursements of those who, under its authority, have sought and obtained possession of assets for administration there.

It is a settled rule of law that the court having jurisdiction over and possession of a res is the court to fix the fees and charges to which that res is subject. If this were

1 Section 3364, subd. 2, Civ. Code Ga. 1910; Merchants' Nat. Bank v. Armstrong, 107 Ga. 479, 33 S.E. 473; In re Rude (D. C.) 101 F. 805; Barge v. Ownby, 170 Ga. 440, 153 S. E. 49; In re United Cigar Stores Co. (D. C.) 9 F. Supp. 149; Brooks v. Mandel-Witte Co. (C. C. A.) 54 F.(2d) 992; In re Gillaspie (D. C.) 190 F. 88; Central Loan Co. v. Russell (C. C. A.) 16 F.(2d) 35; c/f Webster v. Sweat (C. C. A.) 65 F.(2d) 109; In re Badger (C. C. A.) 9 F.(2d) 560, 561.

an effort to charge the estate of the bankrupt for services rendered by appellant for the benefit of that estate, without doubt it would be for the court of bankruptcy to fix and determine the fees to be charged against it, even though the services were rendered by receivers or attorneys appointed by another court. Hanson v. Stephens, 116 Ga. 722, 42 S. E. 1028; Silberberg v. Ray Chain Stores (D. C.) 54 F.(2d) 650; Speakman **v.** Bryan (C. C. A.) 61 F.(2d) 430; Moore **v.** Scott (C. C. A.) 55 F.(2d) 863; State **of** Missouri v. Angle (C. C. A.) 236 F. 644. But this is not such a case. Appellant is not seeking to charge the estate of the bankrupt at all. He is seeking to charge the receivership estate of Hambleton & Co., for services rendered to it. The only court that can charge that estate is the court which has custody of it. No other court may do so. Authorities supra. But overriding considerations of power and jurisdiction over the res, indeed overriding all considerations of power, there are the considerations of comity and propriety. Appellant is an attorney and counselor at law, appointed by and subject to the authority of a state court. His power to appear at all in the bankruptcy court rests on the order of the state court authorizing his appointment. He may not take that appointment as the source of his authority to appear in the bankruptcy court, and, without permission of the court appointing him, look elsewhere for the fixing of his fees for so appearing. If his intervention had been entertained and an allowance made him, it would have been subject to the state court's approval. An appointee of that court, he could not have retained any part of the moneys that court had authorized him to collect for it, except with its approval. Lynde v. Lynde, 64 N. J. Eq. 736, 52 A. 694, 58 L. R. A. 471, 97 Am. St. Rep. 692; In re Gilbert, 276 U. S. 294, 297, 48 S. Ct. 309, 72 L. Ed. 580; In re Debbins (D. C.) 53 F.(2d) 1018.

If it be assumed, then, that the bankruptcy court could have, if it chose, taken jurisdiction over the controversy between him and the receivers, it would not have been seemly for it to have done so. We have considered, only to reject, appellant's suggestion that the receivers having no extraterritorial powers, stand in the court of bankruptcy not as officers of the state court, but as ordinary creditors. Appellant appeared for these receivers as officers of the state court under authority from that court to do so. He may not, in a controversy with them now, deny their authority to appear as receivers, when all along he has appeared for them in that capacity.

The court's action in remitting the whole matter to the court of appellant's appointment was right.

The order appealed from is affirmed.