## In re CALIFORNIA LAND BUYERS SYNDICATE.
### No. 344.

District Court, S. D. California, S. D.
Feb. 2, 1938.

William H. Wylie, of San Diego, Cal., for objecting creditors.

Gray, Cary, Ames & Driscoll, of San Diego, Cal., in pro. per.

NETERER, District Judge.

The questions for review are: (a) Did the attorneys obtain appointment in conformity to General Order 44 of the Supreme Court, 11 U.S.C.A. following section 53. (b) Did the petition and statement filed with the referee meet the requirements of General Order 42 of the Supreme Court,

11 U.S.C.A. following section 53, "a full and detailed statement of such services and the amount they claimed therefor."

The order of adjudication was entered March 23, 1931; Kent was elected trustee April 23d. He resigned November 21st, immediately following; the successor Flagg was elected December 10, 1931. Two actions were pending against the bankrupt and others before adjudication to recover damage for fraudulent representations on contractual obligations, etc. Judgment was rendered in the state court in the Randall case December 15, 1930; motion for new trial was submitted and denied January 10, 1931. Stipulation of the facts was filed in the Holmquist case March 25th, two days after adjudication, judgment was entered against the bankrupt June 16th, following. The claims of both judgment creditors were scheduled in the voluntary petition. The attorneys for the judgment creditors were the attorneys appointed by the court for trustee Kent; on the 28th day of May a petition was filed by trustee Kent to employ special counsel "to represent him in connection with the determination of the validity of claims of creditors represented by his regular attorneys herein, and wherein his regular attorneys are disqualified by reason of conflicting interests; that he desires to employ as such counsel the firm of Messrs. Gray, Cary, Ames & Driscoll, attorneys-at-law, and believes them to be well qualified to act as such counsel; that it is also necessary that he have special counsel in connection with certain litigation instituted against such bankrupt prior to the adjudication of bankruptcy herein; that said firm has no interest adverse to the Trustee or the estate of the bankrupt."

Thereupon the referee ordered the employment of the respondents as attorneys for trustee Kent; that upon the 11th day of December, 1931, the final report of Kent was heard and approved, no claim for attorney's fees was filed or called to the court's attention, and the trustee discharged and his bond exonerated.

The respondents were at no time employed by trustee Flagg; nor does the record show that Flagg was made a party to any court proceedings on appeal. The petition for the allowance of fees by the special counsel includes services alleged to have been rendered for trustee Kent and for services to trustee Flagg, but no date is given on which many of the claimed services were performed, nor charge made for such service, but a gross charge of $750 is stated.

Statement is as follows:

Randall Action.

1. Attendance at Creditor's meeting.

2. Miscellaneous conferences with referee Isaacson and James D. Kent.

3. Examinations and study of records and files of case, including miscellaneous conferences with E. E. Handee, Esq., attorney for California Land Buyers Syndicate during trial thereof, and with Harrison G. Sloane, Esq., attorney for all defendants other than said California Land Buyers Syndicate.

4. Examination of authorities with respect to sufficiency of the notice of appeal from the judgment in favor of the plaintiffs theretofore, to wit, on the 12th day of January, 1931, filed by Mr. Handee, the sufficiency of which had been challenged by the attorneys for said plaintiffs and the preparation of a report to Mr. Kent with respect to the sufficiency of said notice of appeal.

5. Preparation of petition of trustee to intervene in action and presentation of same to the bankruptcy court and the preparation and securing of an order of said Court authorizing such intervention.

6. Examination of authorities with respect to merits of appeal.

7. Examination of brief prepared by Mr. Sloane and authorities cited therein.

8. Preparation of stipulation and securing order submitting cause on brief prepared by Mr. Sloane.

9. Work with Mr. Sloane on petition for rehearing in Supreme Court of California after affirmance.

Holmquist Action.

1. Examination of files and records of case.

2. Preparation of petition of trustee to intervene in action and presentation of same to the bankruptcy court; and securing the order of said court authorizing such intervention.

3. Examination of authorities re substitution of trustee in action, and securing order of the superior court therefor.

4. Preparation, service, and filing of notice of intention to move for new trial.

5. Miscellaneous conferences with referee Isaacson, Mr. Hendee, Mr. Sloane, Mr. Wylie, Mr. Kent, and Mr. Flagg.

6. Examination of authorities and files in preparation for argument of motion for new trial.

7. Argument on motion for new trial before Judge C. M. Andrews upon self-disqualification by Judge ·Claude Chambers (five appearances in court on motion).

8. Preparation and filing of notice. of appeal.

9. Work with Mr. Sloane on preparation of transcript on appeal.

10. Examination of authorities in preparation for writing brief on appeal.

11. Preparation of brief on appeal, service and filing of same.

To petition for fees, creditors filed objections on oath; denied the claim in the petition, challenged the sufficiency of the statement, which put in issue the claim for services. The trustee in his certificate states, "No witnesses were sworn or examined either in support or in opposition of the petition for allowance of such fees; the allowance of fees was made and is based upon the facts set forth in the verified petition of said attorneys therefor and the records in these proceedings."

It appears in the record, that the bankrupt "had paid to said Handee & Rodanaugh prior to bankruptcy proceedings the sum of one thousand ($1,000.00) dollars for services to be rendered by them to the California Land Buyers Syndicate a corporation, in the Randall proceedings."

■ It is obvious to me that denial on oath being made of the claim for services, that it was error for the referee to determine the fact without proof, or if the fact is established by the record, to make no findings thus sustained and certify that proof to this court, on petition for review. The brief of the respondent refutes such proof in the record as will permit the exercise of that discretion, since reference is made to stipulations and documents on file not in this record, but in ·the files of the state Supreme Court. It is said that discretion is given the referee in bankruptcy in determining attorney's fees. The order of the referee must be reversed. In view of the record, it should be further stated.

■ It must be said that a bankruptcy estate is not largess for distribution at the referee's. discretion. The Supreme Court has marked the way in General Orders 42 and 44. General Order 44 provides: "No attorney for * * * a trustee shall be appointed except upon the order of the court, which shall be granted *only* upon the petition of the * * * trustee, stating the name of the counsel whom he wishes to employ, the *reasons* for his selection, and the *necessity* for employing counsel at all." (Italics Supplied)

■ No petition was filed for special counsel or order entered for trustee Flagg; nor could necessity for employment by Flagg be rested upon the petition filed by Kent. And it must be . said the Kent petition is indefinite and uncertain. The employment for named, claims or issues, or persons are not given. No fact is stated as a basis for reason for the employment. Not even are the judgment claimants named in the petition. The judgments rendered in the state court are prima facie valid; and were allowed by the referee on condition of affirmance by the Supreme Court. Attorneys were employed by the bankrupt, who functioned throughout the entire proceedings and on appeal. They had been paid $1,000 from the assets of the bankrupt prior to adjudication; nor is any error pointed out upon which to predicate any theory as a basis for reversal. See Mitchell v. Lay, 9 Cir., 60 F.2d 941, Trustee Flagg had a right to assume the attorneys employed and paid by the bankrupt were able and honorable, and that the estate should not be further charged with attorneys' fees. There were other defendants in the case having like status represented by attorneys.

■ The Supreme Court of the United States in Re Gilbert, 276 U.S. 294, 48 S.Ct. 309, 72 L.Ed. 580; Newton v. Consolidated Gas Co., 259 U.S. 101, 42 S.Ct. 438, 66 L.Ed. 844 and the Circuit Court of Appeals of this Circuit in Walton N. Moore Dry Goods Co. v. Lieurance, 38 F.2d 186; Mitchell v. Lay, 60 F.2d 941, supra, and the Circuit Court of Appeals of the Second Circuit in Re Rogers-Pyatt Shellac Co., 51 F.2d 988; in Re Eureka Upholstering Co., 48 F.2d 95, have enjoined critical scrutiny of fees for services in bankruptcy and receivership cases. The Supreme Court by General Order 42 provides: "Every attorney * * * and trustee seeking an allowance of compensation from a bankrupt estate for services rendered, shall file with the referee a petition under oath, setting forth a full and detailed statement of such services and the amount claimed therefor."

Full (having no open space), detailed (to enumerate minutely the particulars of the service and the amount claimed therefor) statement, a "clear formal recital"; amount

claimed, not gross amount, but charges for each service. In the statement at issue are noted "consultation," "legal papers," "appearances in court," "briefing," and "miscellaneous services"; all dates are not given, nor the service performed stated; nor the persons conferred with; the time spent; or subject of conferences; nor charge; nor documents prepared; nor matter conferred about; nor appearances in court; nor the time in preparing briefs; miscellaneous service; nor benefits inuring from any of the services. It is obvious that no benefit accrued, both judgments were affirmed.

General Orders 42 and 44 have application to all attorneys. These requirements are merely crystalized common sense, and are daily business practices, and because of loose practice many times indulged by lawyers, and the courts, the Supreme Court challenged the attention of the bar and bench to these simple but essential requirements. See, also, In re National Accessories Co., D.C., 13 F.Supp. 278, and cases therein cited.

The order of the referee is reversed and the case remanded with instructions to disallow the claim.