**In the Matter of the ROUSTABOUT COMPANY, Bankrupt.**
**United States of America, Appellant.**

**No. 16310.**

United States Court of Appeals
Third Circuit.

Argued April 18, 1967.

Decided Sept. 27, 1967.

Leonard Schaitman, Appellate Section, Dept. of Justice, Civil Division, Washington, D. C. (Barefoot Sanders, Asst. Atty. Gen., Drew J. T. O'Keefe, Jr., U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Harry A. Dower, Dower, Huston & Cahn, Allentown, Pa., for appellee.

Before SMITH and FREEDMAN, Circuit Judges, and WORTENDYKE, District Judge.

## OPINION OF THE COURT

PER CURIAM.

This appeal challenges as excessive the fee awarded to the attorney for the receiver and trustee in bankruptcy. The petition in bankruptcy was filed November 12, 1963. At the final meeting of creditors held on September 2, 1965, $39,-558.96 was available for distribution. An attorney's fee of $20,000 or 50.6 per cent of this amount was requested. Claims of creditors were in excess of $900,000.[1] The requested attorney's fee was reduced by the Referee in Bankruptcy to $15,500 or 39.2 per cent of the fund available and approved as reduced by the District Court.

■ The elements to be considered in awarding an attorney's fee in bankruptcy matters include the time expended, the difficulty of the problems encountered, the results achieved, and the size of the estate. See, e. g., Levin & Weintraub v. Rosenberg, 330 F.2d 98, 100 (2nd Cir. 1964), certiorari denied 379 U.S. 833, 85 S.Ct. 64, 13 L.Ed.2d 41; Rosenberg v. United States, 242 F.2d 141, 142 (2nd Cir. 1957); Texas Bank & Trust Company of Dallas v. Crippen, 235 F.2d 472, 476 (5th Cir. 1956); In re International Power Securities Corp., 112 F.Supp. 46, 51 (D.N.J.1953); 3 Collier on Bankruptcy ¶ 62.12 at 1491 (14th Ed. 1966); cf. United States v. Code Products Corp., 362 F.2d 669, 673 (3rd Cir. 1966). Fees to court officers should also be evaluated with a principle of economy in mind. See In re Gilbert, 276 U.S. 294, 296, 48 S.Ct. 309, 72 L.Ed. 580 (1928) and United States v. Code Products Corp., supra. 3 Collier's, supra at 1489–90.

■ We have carefully considered this fee award in light of the criteria enumerated above and are of the opinion that it is excessive. We find no fault with the performance of the attorney for the receiver and trustee. The size of the fee, however, is very substantial when compared with the amount available to creditors and the nature of the work performed. An analysis of the services rendered does not reveal an abundance of difficult legal problems. Many of the services could be considered ministerial. There was no litigation. In addition, although the attorney stated that he expended in excess of 400 hours working on this estate, this was not supported by specific time records. It is our judgment that a fee of $10,000 would be entirely adequate under these circumstances and the order of the District Court will be modified accordingly.

The order of the District Court will be affirmed as modified.

---

1. The appellant has a fifth priority claim of $92,968.21 and an additional general claim of $136,000.