## CHABLE v. NICARAGUA CANAL CONSTR. CO.

(Circuit Court, S. D. New York. January 31, 1894.)

**1. CORPORATIONS — RECEIVERS — RIGHTS OF STOCKHOLDERS — INSPECTION OF BOOKS.**

Where a stockholder of a corporation which is in the hands of a receiver seeks leave to inspect its books, it is no ground for denying him the right that his object is to obtain material to convince the other stockholders that a plan of reorganization, which has met the approval of a majority of them, should not be carried out.

**2. SAME—DUTY OF RECEIVER.**

While it is proper for the receiver to refuse to allow such an inspection until it is ordered by the court, it is no part of his duty to promote one plan of reorganization as against another, whether by opposing the petition to be allowed such inspection or otherwise, but he should remain absolutely neutral.

**3. SAME—INTEREST SUBSEQUENT TO RECEIVERSHIP.**

A motion by a stockholder for leave to inspect the books of a corporation which is in the hands of a receiver will be denied when it appears that the movant did not become a stockholder until six months after the receiver's appointment.

In Equity. On motion. Motion by Frederick H. Hatch in the suit of Louis Chable against the Nicaragua Canal Construction Company for leave to inspect the defendant's books in the hands of the receiver. Motion denied.

George Hoadley, for the motion.
Joseph H. Choate, opposed.

LACOMBE, Circuit Judge. When a corporation has suffered financial shipwreck, and its property and assets, including its books, come into the possession of the court and the custody of the court's officer, the receiver, the question whether or not an inspection of those books shall be accorded to a stockholder in the shipwrecked concern is one resting in the discretion of the court, unhampered by any decisions touching such right of inspection while the corporation was still a going concern in the hands of its officers and directors. Ordinarily it would seem that such discretion should be exercised by the court most liberally towards every individual stockholder who shows some reason other than mere idle curiosity which induces him to ask for the inspection. It is no doubt a fact that in many cases the information derived and the conclusions arrived at upon such inspection may promote differences of opinion, controversies, and animosities between members of the corporation, and to that extent be an interruption to the conduct of its affairs, but that is one of the misfortunes attendant upon financial shipwreck. The right of the individual stockholder to obtain from the court an inspection of its books in the court's custody, in order to inform himself as to past transactions and present condition, or to enable him to determine what may be most conducive to the protection of his own interests as a stockholder in the future, is one entitled to the favorable consideration of a court of equity.

The theory of a receivership such as this is that the court takes

possession of the assets of the corporation with the intention of distributing them equitably among all entitled to receive, without exposing creditors and stockholders alike to the heavy sacrifices which would be likely to occur should the property as an entirety be broken up, and sold, bit by bit, as the result of a ruinous race of diligence between creditors. Having the securities in its possession, the court retains them until they can be properly marshaled, the claims of all ascertained, the property converted into money, and the same distributed equitably according to the rights of all parties. Frequently, before this termination of the proceeding is reached, some plan of reorganization, satisfactory to nearly all interested, and abundantly protecting the full legal and equitable rights of those not entering into it, is perfected, and the receivership terminates by a sale of the property to some new corporation, or to some committee, organized under such plan. A stockholder who in good faith asks for an examination of the books in the custody of the court, in order to enable him to determine whether or not such a proposed plan of reorganization is or is not a desirable one for himself and the other stockholders to enter into, should be accorded such inspection, under proper regulations as to time and circumstance, so as not to interfere either with the transaction of the receiver's duties or with such inspection as his fellow members may be entitled to.

The application in the case at bar is opposed upon the statement that its object is to obtain material to be used in convincing other stockholders that a proposed plan of reorganization is one which should not be carried out; that it is primarily intended to interfere with the accomplishment of a plan which meets the approval of a majority of the stockholders, who have been content to accept it without such information as. the petitioner asks for. This objection, however, is not a sufficient answer to the application. The fact that a majority of the persons interested are satisfied thus to accept it is no reason why a stockholder who wishes for further information, to which he is entitled, should be refused it, even though, when it is once obtained, he intends to present it to his fellow stockholders as an argument to dissuade them from accepting the plan. If the plan is one which commends itself to those interested, his arguments will probably have little weight with them.

The receiver himself appears by counsel before the court, asking that he be instructed to refuse permission, on the ground that the proposed plan is one which promises to afford means for an early liquidation of the debts of the company, and the renewal of the work of construction; that he has uniformly commended the scheme of reorganization already proposed, and that the apparent object of the petitioner and his associates is to defeat such plan. So far as he has heretofore refused to allow inspection of the books by stockholders, his course is entirely approved. In every case of doubt it is well for a receiver to refrain from action until he may obtain the instruction of the court, whose officer he is. It

is not, however, the duty of a receiver to formulate or to promote one or other proposed plan of reorganization. Whether there shall be a new organization formed of stockholders, bondholders, or creditors, with what respective interests, and upon what terms, is one that should be left for the determination of the persons interested, without interference in any way by the court or its officers. The court in these cases is a harbor of refuge, not a repair shop. It will hold the property of the corporation safe from outside attacks, and in proper cases will keep its business going, so that whatever value there may be in the business, qua business, may be preserved for all concerned; but it will not undertake, either itself or by its officer, to reorganize the old corporation, or to create a new one, or to solicit subscribers to some syndicate of prospective purchasers. If rival and discordant interests between the parties interested in the property produce conflicting plans upon which they cannot agree, it is the receiver's duty to stand absolutely neutral between all, giving to no one any preference or advantage over the other, and according equal facilities to every stockholder, whether he holds a single share or ten thousand. And if the persons interested cannot within a reasonable time provide a purchaser or competing purchasers of the property, the court will sell it, upon such advertisement, at such time, and upon such terms of sale, as courts usually adopt to secure competition and a fair price.

Inasmuch as it was stated on the argument that some 60 or more stockholders were asking for an inspection, it has seemed best to discuss the merits of the motion, although the application of this particular petitioner must be refused. It appears that he did not become a stockholder until January of this year, nearly six months after the appointment of the receiver. It is manifest that his situation is very different from that of one who was a stockholder of record at the time of the catastrophe which wrecked the corporation. Such a stockholder, the value of whose property has been affected by the manner in which the business of the corporation has been conducted, is entitled to a different measure of consideration from that shown to a mere speculator, who, after the property has passed to the receiver, buys an interest in what may be saved out of the wreck. Motion denied.