WILLARD F. DEPUTY,

*vs.*

DELMAR LUMBER MANUFACTURING COMPANY.

*New Castle, Jan.* 21, 1913.

While the amount of compensation of receivers is discretionary, and based upon the particular facts in each case, the court should consider the responsibility assumed by the receiver, the labor and acts involved, and prices usually paid for similar services in connection with the particular kind of business.

It is no duty of a receiver or court to establish a new corporation to avoid the expense of a receivership, and the receiver should not receive compensation for endeavors in that direction.

Compensation to counsel for a receivership should be limited to such work done for the receivers as requires special legal skill, and not such things as the receiver himself is capable of performing.

Services of an attorney of a receiver in formulating a re-organization plan will not be allowed; it not being a duty of a receiver to re-organize a corporation.

STATEMENT OF THE CASE. After the appointment by this court of receivers for the Delmar Lumber Manufacturing Company, a trustee in bankruptcy for the company was appointed in the District Court of the United States for the District of Delaware, and upon petition the receivers were directed to turn over the assets of the company, exclusive of cash in their hands, to said trustee and to file in this court a report of their proceedings under the order of their appointment and an account of their receipts and disbursements. In the report filed the receivers prayed allowances for their services, services of their counsel and for personal expenses incurred in connection with the administration of the receivership estate. The trustee in bankruptcy filed exceptions to the prayers for allowances, and the matter was heard on the report and exceptions, at which time much testimony was heard.

*Andrew E. Sanborn and John W. Huxley*, with them, *F. Leonard Wailes*, of Salisbury, Md., and *Stephenson A. Williams*, of Belair, Md., for the exceptant.

*Marvel, Marvel & Wolcott*, for the receivers.

THE CHANCELLOR.    The report of the receivers and the prayers for allowances for their services and for services of counsel have been presented, and there are objections, first, to allowances to the receivers for expenses; second, against allowing them the amount of compensation asked; and, third, to the amount of compensation asked for their counsel.

First, as to expenses: These objections are not well founded. The receivers have presented itemized statements and vouchers for every item of expense, especially for traveling expenses, and while they are large in amount they do not seem to be too large in view of the location of the place of business of the company in relation to the places of residence of the receivers.

Second.    The compensation asked for by the receivers is the sum of $1,000 each.    At the hearing of the exceptions it appeared that the receivers operated the plant, under order of the court, for three months at some profit, which was to the advantage of the creditors, and there is no exception or objection taken to the manner of their conducting the receivership, other than as to the large item of personal expense of the receivers.    While the amount of compensation is discretionary and based upon the particular facts in each case, courts in fixing compensation should consider the responsibility assumed by the receiver, the labor and acts involved, and due regard should be had to the price usually paid for similar services in connection with the particular kind of business managed by the receiver.    Here the receivers had the benefit of services of a manager, book-keeper and foreman, the duty of the manager being in substance such as the treasurer of a corporation would perform.    The manager has been paid by the receivers, as have the other two persons.    While it would have been better to have had an order of court authorizing such large expenses, yet no serious criticism of the conduct of the receivers in incurring these expenses can fairly be made.

A claim was made on behalf of the receivers that their time and effort were used in endeavoring to work out a plan by which the assets of the company should be turned over to creditors, through a new corporation, and so avoid the expense of a receivership. This plan fell through because it did not receive sufficient support from creditors, only a portion of whom favored it. This should not be taken into account in fixing the compensation of the receivers. It was not their duty to create a new enterprise and they had no authority of the court to do so. It is not the duty of the receiver to formulate or promote one or other proposed plan of reorganization. Whether there shall be a new organization formed of stockholders, bondholders, or creditors, with what respective interests and upon what terms, is one that should be left for the determination of the persons interested, without interference in any way by the court, or its officers. The court in these cases is a harbor of refuge and not a repair shop. It will hold the property of the corporation safe from outside attacks and in proper cases keep its business going, so that whatever value there may be in it as a business may be preserved for all concerned; but it will not undertake, either of itself or by its officer, to re-organize the old corporation, or to create a new one, or solicit subscribers to some syndicate or prospective purchasers. This was so decided by Judge Lacomb in the case of *Chable v. Nicaragua, etc.,* Co., 59 *Fed.* 846, where the question arose as to the right of a stockholder to inspect books of the company in the hands of a receiver, in order to obtain evidence upon which to oppose a plan of reorganization.

In the case of *Northern Alabama R. R. Co. v. Hopkins,* 87 *Fed.* 505, 31 *C. C. A.* 94, receivers of a railroad company who had, at the request of a committee representing all of the bondholders, made several trips to Europe in an effort to relieve the embarrassed financial condition of the company, were allowed compensation for such services and their expenses, upon the ground of estoppel, in that it was, under the circumstances, inequitable for the bondholders to object to paying for the services so performed.

Other cases having a bearing upon this subject are *Central Trust Co. v. Cincinnati, &c., R. R. Co.*, (C. C.) 58 *Fed.* 500; *Clarke v. Central R. R., &c., Co.*, 54 *Fed.* 556; *Central Trust Co. v. Wabash, &c., R. Co.*, 25 *Fed.* 69.

Much testimony was offered respecting the conduct of one of the receivers, Theodore A. Veasey, while president of the company prior to his appointment, and it was claimed that he then made preferential payments to creditors of the company. It was also urged that he should have disclosed these and other facts to this court so that they could have been considered by this court before appointing him. But none of these matters should affect the allowance to him of suitable compensation for that work which he has done as receiver, when they did not affect his conduct in administering the estate under the order of this court.

Neither receivers nor their counsel are entitled to any compensation for opposing the bankruptcy proceedings against the company, and none is claimed by them.

The receivers adequately explained at the hearing their method of accounting to this court, including their reasons for claiming that the business had been conducted at a profit and with benefit to the estate, and their compensation should not be affected by criticism of the manner of stating the account.

An allowance of $600 will be made to each of the receivers as compensation for their services.

As to compensation of counsel: All administrative and executive work in the management of a receivership estate should be performed by the receiver, and compensation to counsel should be limited to such work done for the receivers as require special legal skill, and not for such things as the receiver himself is capable of performing. Elsewhere it is the rule that counsel are not employed in such cases so as to bind the estate, but should be so employed by authority of an order of the court. Large discretion in this State has been given to receivers in employing counsel without an order, and there was no abuse of it in this case. In this particular case the same reasons which would deprive the receivers of compensation for the re-organization plan would apply to counsel for the

receivers: A considerable part of the services rendered by counsel for the receivers in this case was in formulating this re-organization plan. No other special work has been shown to have been done by counsel for the receivers here, except the routine work of advising the receivers. I will, therefore, make an allowance to counsel for the receivers of $500.