## COSKERY v. ROBERTS & MANDER CORP.

### No. 10737.

United States Court of Appeals
Third Circuit.

Argued Oct. 7, 1952.

Decided Dec. 9, 1952.

---

4. N. L. R. B. v. International Furniture Co., 5 Cir., 199 F.2d 648.

Marcus Manoff, Philadelphia, Pa. (Robert McCay Green, and Dilworth, Paxson, Kalish & Green, Philadelphia, Pa., on the brief, for appellant.

Lemuel B. Schofield, Philadelphia, Pa. (Marvin Comisky, Jenkins, Bennett & Jenkins, Martin Feldman, Goff & Rubin, and Todd Daniel, all of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The appellant, Charles C. James, together with Charles A. Devlin and Elmer M. Atkinson were appointed receivers of Roberts & Mander Corporation on June 29, 1950 by the United States District Court for the Eastern District of Pennsylvania in a civil action brought by a stockholder to protect and preserve the assets of the ccr-

poration. Roberts & Mander Corporation was a corporation of Delaware which had been engaged for many years in the manufacture and sale of gas and electric ranges under the trade name "Quality" at Hatboro, Pennsylvania. The corporation had discontinued its manufacturing business on April 8, 1950 by reason of large operating losses but was continuing the sale of repair parts and the servicing of ranges previously sold. At the time the receivers were appointed its assets were approximately $1,300,000 and its net worth approximately $1,000,000.

The receivers continued the sale of repair parts and the servicing business but determined that it was impracticable to resume the manufacturing business. They explored the possibilities of securing government business and of selling the assets but without success. Meanwhile they maintained the plant, keeping it in standby condition. Their efforts to accomplish a merger or business union with another company having failed they proceeded, with the approval of the district court, to offer the assets at public sale. The sale was held on October 3 and 4, 1951, but upon the objections of two stockholders' protective committees it was confirmed only to the extent of personalty sold for $457,480.-75. Thereafter through the efforts of the stockholders' protective committees an arrangement was consummated on October 31, 1951 whereby Roberts & Mander Corporation became the owner of the business and assets of another corporation known as Price Fireplace & Tank Corporation, in exchange for Roberts & Mander Corporation stock theretofore unissued. On November 30, 1951 the court directed that the assets thus acquired from Price Fireplace & Tank Corporation should be free and clear of the receivership. Roberts & Mander Corporation thereafter changed its name to Price National Corporation and resumed operations under its own board of directors. It does not appear that the receivers played any substantial role in bringing about this rehabilitation. On December 21, 1951 the receivers were authorized by the court to pay the claims of creditors. On January 30, 1952 they petitioned for their discharge.

On June 1, 1951 the district court made an interim allowance of compensation of $15,000 to the three receivers and on December 11, 1951 the court made a second interim allowance of $20,000 to them, $35,-000 in all. On February 4, 1952 Receivers Devlin and Atkinson filed a joint petition for final allowances of compensation and on the next day Receiver James, the appellant, filed his individual petition to the same end. To his petition Devlin and Atkinson filed an answer. In their petition Devlin and Atkinson requested an additional allowance of $23,333.32 to themselves jointly. James requested for himself an additional allowance of $24,208.33 for his services and $4,844.85 for maintenance and traveling expenses.

After a hearing the district court entered a decree which, inter alia, made final allowances of compensation of $21,000 to Devlin and Atkinson jointly and $10,500 to James individually, denied the request of James for his expenses and discharged the receivers. From these portions of the decree Charles C. James took the appeal now before us. He contends in this court that the district court failed to apply appropriate legal principles in partially denying his claim for compensation and in denying in whole his claim for reimbursement of maintenance and traveling expenses.

In disposing of these claims the district court said:

"Another matter in dispute is the petition of Charles C. James, one of the Receivers, for an allowance of compensation greater than that of his co-Receivers, plus reimbursement of out-of-pocket living and traveling expenses. The basis for these claims appears to be a management contract between Stevenson, Jordan & Harrison, Inc. and Roberts & Mander Corporation, dated January 16, 1950. By that contract, Stevenson, Jordan & Harrison, Inc. undertook to supply Roberts & Mander Corporation with management service through its staff engineer, Mr. James, the present petitioner, for a fee of $2,000. per month, plus out-of-pocket living and traveling expenses incurred by Mr. James while on that assign-

ment. At the inception of the receivership, the Receivers, including Mr. James, requested advice of their counsel as to any liability which the Receivers might have under the aforesaid management contract and they were specifically advised that the contract had terminated by reason of the receivership. Mr. James' present request approximates the amounts which he would have received from Roberts & Mander Corporation under the management contract.

"I am, of course, in no way bound by that contract in making allowances of compensation. My duty is to determine the value of the services of the Receivers. While Mr. James testified in support of his petition that he had spent much more time than his two co-Receivers in carrying out his duties, that was a matter of internal arrangement among the Receivers themselves. Mr. James testified that he received full cooperation from his co-Receivers and that they spent whatever time was required for the proper performance of their duties. Consequently, the Receivers, considering that their responsibilities were equal, will be treated equally in allowance of compensation. As to the request for living expenses, it is my view that such expenses are not a proper charge against the receivership. They are a necessary incident to the acceptance by Mr. James of an appointment by this Court which he was free to accept or decline."

We are satisfied that the district court did not err in denying the appellant's claim to be reimbursed for the maintenance and traveling expenses which he had incurred in living in the vicinity of Hatboro while performing his duties as receiver and in traveling periodically to and from his home in New York during that time. Likewise we are in full agreement with the district court that the contract between Stevenson, Jordan & Harrison, Inc. and Roberts & Mander Corporation under which the services of the appellant had been supplied to the latter as its manager was not binding upon the court as a measure of the compensation to be allowed to the appellant as receiver. But we think that the court erred in concluding that the receivers must be awarded equal allowances of compensation because their responsibilities were equal and in holding that the actual amount of time devoted by the individual receivers was a matter of internal arrangement among themselves without legal significance in this regard.

Allowances to receivers should represent and be limited to a fair and reasonable compensation for the work actually performed and the responsibility actually assumed. Bailie v. Rossell, 3 Cir., 1932, 60 F.2d 806. This necessarily means that if one of the three co-receivers has in fact made a substantially greater contribution of time, labor and skill to the performance of their common duties than have the other two receivers he is entitled to a commensurately greater share of the total compensation justly due for their collective work and responsibility. Compare In re National Department Stores, D.C.D.Del.1935, 11 F.Supp. 633, 638; Guaranty Trust Co. v. Seaboard Air Line Ry. Co., D.C.E.D.Va. 1946, 68 F.Supp. 304. This rule was applicable in the present case but was not applied by the district court in fixing the compensation allowed to the three receivers. Indeed the court took no evidence as to the extent and value of the receivers' services considered as a unit or as to the individual contributions of Devlin and Atkinson to those services. It heard only the testimony of the appellant in support of his petition and based its allowances upon the district judge's "extended personal observation of the character and extent of the work done by reason of the many hearings made necessary by the receivership and numerous conferences in chambers."

The decree awarding the receivers final allowances of compensation must accordingly be vacated and the cause remanded to the district court with directions to receive evidence as to the work done and the responsibilities assumed by the receivers as a group and by each receiver individually, to make findings of fact with respect thereto, and thereupon to redetermine the total allowance of compensation to which the re-

ceivers as a group are justly entitled, and the appropriate division of the sum thus determined among the three receivers as compensation for the services rendered by each. If it shall then appear that any individual receiver is entitled to total compensation in excess of the interim allowances already received by him an additional award of such excess may be made to him. If any individual receiver is found to be entitled to total compensation less than the interim allowances which he has received it will be within the power of the district court to direct the refund of such portion of the interim allowances heretofore paid to him as may be necessary to adjust his compensation to the amount properly allowable.

In determining upon remand the compensation of the receivers the district court will bear in mind the admonition of Chief Justice Taft in Re Gilbert, 1928, 276 U.S. 294, 296, 48 S.Ct. 309, 310, 72 L.Ed. 580, "that the judges of the courts, in fixing allowances for services to court officers, should be most careful, and that vicarious generosity in such a matter could receive no countenance", an admonition which this Court repeated in Bailie v. Rossell, 3 Cir., 1932, 60 F.2d 806, 807. In making such a determination the considerations are the time, labor and skill required, but not necessarily that actually expended, in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained. The amount of a receiver's compensation does not depend upon the special qualifications or standing of the person appointed, the demands made upon his time by private business, or his own idea, in the light of his social standing or financial position, of the value of his services. Deputy v. Delmar Lumber Mfg. Co., 1913, 10 Del. Ch. 101, 85 A. 669; Eames v. H. B. Claflin Co., 2 Cir., 1916, 231 F. 693; Walton N. Moore Dry Goods Co. v. Lieurance, 9 Cir., 1930, 38 F.2d 186; 45 Am.Juris., Receivers, § 288. And where two or more receivers are appointed the court must look to their services as a unit and avoid duplication of payment for the same services. R. H. McWilliams, Jr. Co. v. Missouri-Kansas Pipe Line Co., 1936, 21 Del.Ch. 308, 190 A. 569.

In the present case the services of the receivers extended over a period of little more than 18 months. They made some effort to reorganize Roberts & Mander Corporation but appear to have had no part in the negotiations which actually brought about its rehabilitation. The only business which they conducted was the sale of repair parts and the servicing of ranges necessary to preserve the good will of the corporation. Unless we wholly misread the rather scanty record the services required of them were little more than custodial and were such as could readily have been performed by a single receiver. Indeed, it may well be, as the appellant asserts, that these services were largely performed by him and that his co-receivers' participation was mostly advisory. The total compensation which the district court awarded to the three receivers, both interim and final, was $66,500.00, or $22,166.66 for each of them. While it is true that the amount of compensation to be paid to receivers is confided to the discretion of the district court the exercise of that discretion is subject to review on appeal and when the court has fallen into error which amounts to an abuse of discretion relief will be granted. Newton v. Consolidated Gas Co., 1922, 259 U.S. 101, 42 S.Ct. 438, 66 L.Ed. 844; City of New Orleans v. Malone, 5 Cir., 1926, 12 F.2d 17. We are compelled to conclude that measured by the applicable standards the total compensation awarded to the receivers was so grossly excessive as to call for relief here. Accordingly upon remand it will be reduced to a figure which conforms to the relevant legal standards.

While there has been no appeal from that portion of the decree of the district court which made allowances of compensation to counsel for the receivers and that matter is accordingly not before us for review, this court cannot close its eyes to the fact that the four lawyers employed by the receivers have also been awarded compensation totalling $66,500.00, exactly the same amount as was awarded to the receiv-

ers. Whether this was upon the erroneous theory that receivers and their counsel must receive equal compensation we do not know. Both the number of counsel and the amount of their compensation appear prima facie to be excessive, however. It is difficult to understand how four lawyers could advise with and act for the receivers without somewhat duplicating, or indeed quadruplicating, their services and their consequent claims for compensation. But, as we have already pointed out, duplicate services are not to be charged against an estate in receivership. If counsel performed work which was properly the responsibility of the receivers that fact must be taken account of in fixing the compensation of the latter upon remand. Also upon remand the district court will doubtless in the exercise of its continuing power over the cause revise the allowances made to counsel if it finds such action to be necessary in order to bring them into conformity with the applicable legal standards for such compensation.

So much of paragraph 2 as awards to Charles A. Devlin and Elmer M. Atkinson, jointly, as Receivers, $21,000.00 and to Charles C. James, as Receiver, $10,500.00 and all of paragraphs 4 and 5 of the decree entered February 14, 1952 and all of the order entered February 26, 1952 will be vacated and the cause will be remanded to the district court for further proceedings not inconsistent with this opinion.