223 F.2d 811
 Austin C. GLASSER and Frederick Thompson, Claimants-Appellants,
v.
Emmett L. DOYLE, Trustee of Samson United Corporation, Debtor, Respondent-Appellee.
In the Matter of Samson United Corporation, Debtor.
 No. 252.
 Docket 23469.
 United States Court of Appeals Second Circuit.
 Argued April 12, 1955.
 Decided June 9, 1955.
 
 Frederick Thompson, Rochester, N. Y., for claimants-appellants.
 Harry D. Goldman, Rochester, N. Y., for respondent-appellee.
 Before CLARK, Chief Judge, and FRANK and HASTIE, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 These are appeals of Austin C. Glasser and Frederick Thompson from orders granting them final allowances in a reorganization of Samson United Corporation under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Each appellant complains that the final allowance made to him provides unreasonably low compensation for services rendered.
 
 
 2
 Throughout the reorganization, a period of about two years, appellant Glasser has served as court appointed trustee. He has been allowed the sum of $12,000 as total compensation for his services. During the first year he rendered substantially full-time services and his duties required him to function as the executive head of the debtor's manufacturing enterprise which employed some sixty-seven persons. This operation did not continue into the second year and the demands upon the trustee's time were much smaller. In all he rendered the equivalent of some fourteen or fifteen months of full-time service. It seems clear that he rendered faithful and competent service.
 
 
 3
 On the record we are unable to say that $12,000 is such small compensation for this work as to be arbitrary or patently unfair. Appellant is an accountant. Until the institution of this reorganization proceeding he was treasurer of the debtor corporation. His annual salary was $10,000. The contested order provides compensation for his work as trustee at a rate slightly less than what he was earning at the time of his appointment. True, his responsibility as trustee was larger than his responsibility as treasurer. Had the corporation itself promoted him from treasurer to principal executive the promotion undoubtedly would have been attended by some substantial increase in pay. But the appointment as trustee was for the administration of an enterprise financially embarrassed to the point of insolvency. Despite what appears to have been good management of the reorganization and the completion of an advantageous plan of reorganization, general creditors will receive somewhat less than half of the amounts owed them.
 
 
 4
 In such circumstances a court need not pay a trustee as much as equivalent services might be expected to yield in the prosperity of a flourishing business. A court must deal justly with its appointee but it need not deal generously in assessing administrative costs against an insolvent estate. The demands of fairness and the demands of economy must be accommodated. This concept leaves a broad area of judicial discretion which this court has consistently respected. In re Long Island Properties, Inc., 2 Cir., 1945, 150 F.2d 313; Gross v. Bush Terminal Co., 2 Cir., 1939, 105 F.2d 930. All of the circumstances considered, we can not say that the allowance in this case was intolerably low.
 
 
 5
 Appellant Glasser makes one other point that is troublesome. He was one of two co-trustees. Each was granted the same allowance, $12,000. This would be improper if it were clearly established that on a quantum meruit basis one had earned substantially more than the other. Coskery v. Roberts & Mander Corp., 3 Cir., 1952, 200 F.2d 150.
 
 
 6
 In this case, appellant Glasser devoted many more hours to the business of the reorganization than did his co-trustee. However, the co-trustee was an experienced lawyer. Although the trustees had counsel, he brought the advantage of his professional knowledge and skill to decisions, recommendations and negotiations involved in the administration of the reorganization. For example, one of the crucial matters confronting the trustees was the negotiation for the reduction of a very large tax claim against the debtor. Both trustees and their attorney devoted themselves to this problem. The district judge was in a position to determine, and we are not, how important the professional knowledge and judgment of the lawyer trustee were in accomplishing a settlement of this obligation for some $600,000 less than had originally been claimed. Many other matters arise in the normal course of a reorganization where the professional ability and experience of a lawyer serving as trustee are of great value not subject to precise calculation.
 
 
 7
 Moreover, no appeal has been taken from the allowance to the co-trustee. Perhaps, considering the matter in first instance, we would have given him somewhat less and the appellant somewhat more. But the bases of judgment in this case include imponderables which make it impossible to say that the trustee who worked the greater number of hours must be given greater compensation.
 
 
 8
 For these reasons we will not disturb the allowance to appellant Glasser.
 
 
 9
 The claim of appellant Thompson presents entirely different considerations. The sum of $1,000 has been allowed him. He is not a court appointed officer but is the lawyer privately retained to represent the interests of a preferred stockholders' committee in the reorganization proceeding. Under explicit provision of Section 243 of the Bankruptcy Act, 11 U.S.C.A. § 643, benefit actually accruing to the administration of the estate is a restrictive measure of the compensation such a claimant may receive from the debtor's estate. In re Porto Rico American Tobacco Co., 2 Cir., 1941, 117 F.2d 599. The legal services of an attorney so situated may be competent, diligent and calculated to serve the best interest of his clients, yet prove to be of little benefit to the administration of the debtor's estate. That such a situation existed here was an entirely permissible conclusion on the present record. We find no compelling reason for holding, contrary to the trial court's best judgment, that the debtor's estate was enriched or its administration advanced to any great extent by the labors of this claimant, however competent and conscientious they may have been.
 
 
 10
 The allowances as ordered will be affirmed.