## HUMPHREY v. HART.

### No. 11083.

Circuit Court of Appeals, Ninth Circuit.

Nov. 4, 1946.

Sterling Carr and William B. Mead, both of San Francisco, Cal., H. H. Atkinson and H. R. Cooke, both of Reno, Nev. (Williamson & Wallace, of San Francisco, Cal., of counsel), for appellant.

James T. Boyd, of Reno, Nev., and Chester C. Kempley, of Los Angeles, Cal., for appellee.

Roger S. Foster, Sol., and Theodore L. Thau, Sp. Asst. to Sol., Clark Byse, Atty., SEC, both of Philadelphia, Pa., and W. Stevens Tucker, Atty., SEC, of San Francisco, Cal., for Securities and Exchange Commission.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On June 29, 1939, International Mining & Milling Company, a corporation, and Mount Gaines Mining Company, a corporation, filed petitions under chapter 10, (§§ 101–276) of the Bankruptcy Act, 11 U.S.C.A. §§ 501–676. Thereupon, on June 29, 1939, orders were entered approving the petitions, fixing a time of hearing, and directing that notice be given to creditors. Notice was given as directed, a hearing was had, and on August 11, 1939, orders were entered appointing appellee, James P. Hart, trustee of both corporations, hereafter called the debtors.

On November 16, 1939, C. F. Humphrey, an attorney at law, filed and presented to appellee proof of a claim for $10,000 for services rendered by Humphrey to the debtors.[1] On March 22, 1940, appellee filed objections[2] to the allowance of the claim. On May 27, 1940, an order was entered referring the claim to a special master, Arthur F. Lasher, who was also a referee in bankruptcy, with directions to conduct hearings, take evidence and file a report "containing his findings and recommendations." Between May 27, 1940, and May 26, 1944, the master conducted many hearings and took much evidence.

On May 26, 1944, the master filed a report recommending that the claim be disallowed. On June 5, 1944, Humphrey filed objections to that report. On June 12, 1944, an order was entered re-referring the claim to the master with directions (1) to permit Humphrey and appellee to submit further evidence if they so desired and (2) to file a "supplementary" report. No further evidence was submitted.

On September 12, 1944, the master filed a "supplemental" report setting forth his findings of fact and conclusions of law and recommending (1) that the claim be wholly disallowed, and (2) that the claim, if not wholly disallowed, be allowed in the sum of $1,675. On September 22, 1944, Humphrey filed objections to that report. On December 11, 1944, judgment[3] was entered as follows:

"The supplemental report of referee and special master on claim of C. F. Humphrey, filed September 12, 1944, and objections filed thereto, having been heard and submitted, and the court being fully advised in respect thereto and having duly considered the same, it is the conclusion of the court that recommendation 1 of the referee and special master * * * should be approved.

"Wherefore, it is ordered that the claim of C. F. Humphrey against either or both debtor corporations be, and the same hereby is, wholly disallowed."

From that judgment Humphrey took this appeal.[4]

The record on appeal showed that the court below had not found the facts, as of

---

[1] In his proof of claim, Humphrey described his services as follows: "Professional services as general counsel for each of [the debtors] from June, 1937, to June 30 1939, and of counsel with William P. Hubbard and James H. Hogin in [ten civil actions the titles and docket numbers of which were listed in the proof of claim]. Consultations with and advice to boards of directors and officers of both [debtors] and associate attorneys continuously during the period above named in regard to legal questions and matters of policy in the conduct of the above litigation and with respect to other acts and business transactions of [the debtors] and their officers and directors; attending numerous hearings on various motions and trial of various issues in the above litigation; miscellaneous and general professional services, consultations and advice; all rendered at the special instance and request of [the debtors], their officers and directors."

[2] The objections were entitled "Trustee's rejection of the claim of C. F. Humphrey."

[3] The judgment was entitled "Order re supplemental report of referee and special master on claim of C. F. Humphrey."

[4] After the appeal was taken, C. F.

course it should have done, either by adopting the master's findings or by making findings of its own.[5] We therefore remanded the case to that court with directions to make findings. Findings were made and have been filed here. They are as follows:

"I. That C. F. Humphrey was not employed as general counsel for the International Mining & Milling Company, debtor in reorganization, or the Mount Gaines Mining Company, debtor in reorganization, jointly or severally, and was not general counsel for both or either of said corporations, jointly or severally, from June, 1937, to June 30, 1939, or at any other time, and was not employed as counsel with Wm. P. Hubbard or James H. Hogin, nor was he of counsel for either of said corporations in the matters and cases enumerated in his claim.

"II. That the said claimant, C. F. Humphrey, did not render services to either the International Mining & Milling Company or the Mount Gaines Mining Company, jointly or severally, of the value of $10,000 or of any other value.

"III. That the said International Mining & Milling Company or the Mount Gaines Mining Company is not indebted to the said claimant, C. F. Humphrey, either jointly or severally, or jointly and severally, in the sum of $10,000 or in any other sum or amount."

■ These findings are clearly erroneous. Appellee did not object to the claim on the ground that Humphrey was not employed as general counsel for the debtors, or on the ground that he was not their general counsel, or on the ground that he was not employed as counsel with Hubbard and Hogin, or on the ground that he was not "of counsel" for the debtors, or on the ground that he did not render services to the debtors. The evidence shows that he was employed as, and was, general counsel for the debtors, that he was employed as counsel with Hubbard and Hogin, that he was "of counsel" for the debtors, and that he rendered the services described in his proof of claim.

■ One of appellee's objections to the claim was that the amount claimed was excessive. By that objection, appellee raised the question of the reasonable value of Humphrey's services. The master found that the reasonable value of said services was $2,500, and that Humphrey had been paid on account of said services sums aggregating $825, leaving an unpaid balance of $1,675. Humphrey objected to these findings on the ground that they were erroneous, in that the evidence showed that the reasonable value of said services was greater than $2,500 and did not show that he had been paid $825 or any other sum on account of said services. The questions thus raised were not determined and, apparently, were not considered by the court. They should have been considered and determined. If the master's findings were clearly erroneous, the court should have rejected them and should have made findings of its own. If not clearly erroneous, the master's findings should have been accepted as correct.[6]

■ Despite his finding that Humphrey's services had a reasonable value of $2,500, of which $1,675 remained unpaid, the master recommended that the claim be wholly disallowed. This recommendation was based on grounds not urged or mentioned in appellee's objections to the claim.[7] Such grounds should not have

Humphrey's assignee, Elizabeth W. Humphrey, was substituted as appellant in his place and stead.

5 See Order 47 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53.

6 See Order 47 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53.

7 Grounds on which the recommendation was based: That meetings of stockholders of the debtors on November 15, 1937, and December 11, 1937, were, in the opinion of the master, invalid meetings; that elections of directors at said meetings were, in the opinion of the master, invalid elections; that Humphrey was employed as counsel for the debtors by boards of directors so elected; that Humphrey had interests which, in the opinion of the master, conflicted with the interests of the debtors; and that, therefore, Humphrey's employment as counsel for the debtors was, in the opinion of the master, improper and invalid.

been considered by the master. The recommendation based thereon should have been rejected.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.