## In re PRESTON et al.

United States District Court
S. D. New York.
March 29, 1950.

David Haar, New York City, for bankrupts.

Siegel & Brownstein, New York City (Benjamin Brownstein, New York City, of counsel), for trustee.

SUGARMAN, District Judge.

An attorney, hereinafter referred to as the petitioner, brings up for review an order of a referee in bankruptcy, fixing the petitioner's fee as attorney for the debtor in a Chapter XI proceeding.

Despite originally acknowledging the referee's jurisdiction, by applying to him for an allowance of $2500 as attorney for the partnership debtor, the petitioner now challenges the order of the referee which granted him a lesser amount, contending that no jurisdiction therefor exists and asks that the fee be restored by the court to the $2500 originally requested.

Paul Preston and Robert J. Glass were duly adjudicated bankrupts, individually and as co-partners trading as Bobbie Lassie Togs, pursuant to an involuntary petition in bankruptcy.

In the present application, petitioner's petition to review states

"3. * * * After the matter had been pending for some time before the Referee, Mr. Glass, one of the bankrupts, retained me to render legal services to him, as well as to his wife, against both of whom the trustee seemed to make a claim for the return of assets to the estate of the partnership. I attended at the hearing and the examination of both of them, and likewise received various orders and petitions served upon them on behalf of the trustee.

"4. For the services briefly enumerated above, and other services rendered to Mr. Glass, individually, I received from him the sum of $500.00."

It seems that thereafter the petitioner's retainer expanded to include representation of the bankrupt partnership and in that role he evolved an arrangement under Chapter XI. Anticipating an order confirming the arrangement, the referee held a hearing to determine the allowances to be granted to the petitioner and others in connection with the proceeding. At that hearing, the petitioner submitted a petition in support of his request for $2500 for services rendered the bankrupt partnership in which he made no mention of the $500 previously paid him by the individual bankrupt Glass. After the hearing, he filed with the referee a supplemental affidavit disclosing the $500 payment. The referee fixed the fair value of petitioner's services to the bankrupt partnership at $2000; deducted from that the $500 received from Glass; awarded petitioner $1500; and directed that upon confirmation of the arrangement, the disbursing agent make payment accordingly.

The petitioner now projects a three-pronged attack upon the referee's order: (a) that the referee lacked jurisdiction to pass upon the petitioner's fee; (b) that $2500 was the fair and reasonable value of the services rendered; (c) that the referee had no power to deduct the $500 paid petitioner by Glass.

On the question of jurisdiction, the petitioner offers, without supporting authority, his construction of Chapter XI, § 337(2) of the Bankruptcy Act, 11 U.S.C.A. § 737(2). That section, so far as pertinent,

provides that the "* * * referee shall * * * (2) fix a time within which the debtor shall deposit, in such place as shall be designated by and subject to the order of the court, * * * the money necessary to pay all debts which have priority, unless such priority creditors shall have waived their claims or such deposit, or consented in writing to any provision of the arrangement for otherwise dealing with such claims, and the money necessary to pay the costs and expenses of the proceedings and the actual and necessary expenses incurred in connection with the proceedings and the arrangements by the committee of creditors and the attorneys or agents of such committee, in such amount as the court may allow; * * *".

The petitioner construes this section to mean that the only fee subject to allowance or control is that of the attorney for the committee of creditors and that his fee, as attorney for the debtor, is excluded from such control.

Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104 provides that "(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) * * * one reasonable attorney's fee, * * * to the bankrupt in * * * involuntary cases, as the court may allow; * * *".

Chapter XI, § 302 of the Act, 11 U.S. C.A. § 702, provides that "The provisions of chapters I to VII, inclusive, of this Act shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter. * * *".

Accordingly, unless § 64, sub. a (1) is inconsistent or in conflict with § 337(2), it applies. Such inconsistency and conflict is sought to be spelled out of the omission from § 337(2) of specific reference to the debtor's attorney. The petitioner asserts that the referee "has the authority granted under Section 337(2), and no more. He has no authority to fix or curtail the fee which the debtors are willing to pay their attorney, for the debtor's attorney is not the attorney for the committee, or is he its 'agent' within Section 337(2)."

The structure of the Bankruptcy Act indicates the absence of any such legislative intent as that urged by the petitioner. The creditors' committee, contemplated by § 44, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 72, sub. b, is merely a consultative and advisory body, designed to make recommendations to the trustee and to submit to the court any question affecting the administration of the estate. Nowhere is this committee empowered to employ counsel or agents or to incur expenses chargeable to the estate. Thus, § 64, sub. a (1) makes no provision for the payment of expenses of any nature incurred by a § 44, sub. b, creditors' committee. On the other hand, the creditor's committee contemplated by § 338 of the Act, 11 U.S.C.A. § 738, is more than merely consultative or advisory; it becomes, under §§ 325 and 327, 11 U.S.C.A. §§ 725 and 727, a party in interest, clothed with all of the rights accorded all parties in interest throughout Chapter XI. The purpose, therefore, in specifically providing in § 337(2) of the Act for payment of fees of the attorneys and agents of a creditors' committee in an arrangement proceeding, was not, as petitioner urges, to restrict or diminish the allowance powers of the court under § 64, sub. a (1) of the Act, but rather to supply a governing rule for a newly created condition not previously existent and thus not covered by § 64, sub. a (1). Section 337(2), when read in conjunction with § 302 confers upon the referee power, not only to fix a time within which the debtor must deposit the monies necessary to pay the expenses incurred by the committee of creditors under § 337(2) but, in addition thereto such as are contained in § 64, sub. a (1) and in such amounts as he might allow. Text approval for this construction may be found in Collier on Bankruptcy, 14th Edition, Volume 8, page 548, paragraph 5.34, in the language "The debtor must deposit the money necessary to pay the compensation and expenses, *as allowed by the court,* of the attorneys, if any, for the receiver, the trustee, *the debtor,* the debtor in pos-

session, and the petitioning creditors." (Emphasis supplied.)

Further, this court adopted rules relating to proceedings under Chapter XI of the Bankruptcy Act. Rule XI-1 provides that the general bankruptcy rules of this court shall apply to proceedings under Chapter XI. This incorporation by reference, makes applicable to a Chapter XI proceeding, General Bankruptcy Rule 17(c) which governs applications for *bankrupts' attorneys compensation* for services.

While it does not appear that the precise point has engaged the attention of a court, it is nevertheless found that in Roth et al. v. Reich, 2 Cir., 1947, 164 F.2d 305 the Court of Appeals for this Circuit, affirmed an order of the District Court, which in turn had affirmed an order of a referee in bankruptcy, fixing an allowance to the debtor's attorney in a Chapter XI proceeding. In that case it was the debtor who objected. Obviously, if the referee had lacked the jurisdiction to make the allowance, neither the Court of Appeals nor the District Court would have affirmed it. In Re Breinig, D.C.E.D.Pa.1941, 40 Supp. 29, a petition to review was denied and a referee's order affirmed by the District Court. The order under review enjoined the debtor's attorney from taking proceedings against a municipality which was indebted to the debtor's estate but, "Without prejudice to his right to seek compensation in the Bankruptcy Court for services rendered in the proceedings under the Bankruptcy Act."

These decisions reflect the salutary requirement of rigid control over bankrupts' estates. That supervision should be preserved rather than diminished. I hold that the referee had jurisdiction to fix petitioner's fee.

■ On the question of the value of petitioner's services to the bankrupt partnership, it does not appear that the $2000 allowance, fixed by the referee, was "clearly erroneous", G.O. 47; Rule 52(a) Federal Rules Civil Procedure, 28 U.S.C.A.; Roth et al. v. Reich, 2 Cir., 1947, 164 F.2d 305.

Accordingly, the report is confirmed to the extent that the referee properly exercised jurisdiction in determining the petitioner's allowance and fixed the same at $2000 to compensate him for all services to the bankrupt partnership.

■■ There remains for disposition the deduction, from the $2000 allowance, of the $500 fee paid by the individual bankrupt Glass to the petitioner, after that bankrupt's adjudication and before the inception of the Chapter XI arrangement. Unless the $500 paid to the petitioner by the individual bankrupt is found to be part of the bankrupt partnership estate or the services rendered by the petitioner for which he received the $500 were part of the services rendered to the bankrupt partnership for which the $2000 was allowed, or unless some other adequate reason will support the deduction made by the referee, it was improper. The report is entirely barren of any reason for the deduction. The court is therefore unable to review the deduction and is constrained to recommit the report for further proceedings on that branch of the application.