**William KLEIN, Bernard B. Stimmel, and David Blonder, Appellants,**

**v.**

**RANCHO MONTANA DE ORO, INC., Appellee.**

**No. 15833.**

United States Court of Appeals Ninth Circuit.

Jan. 2, 1959.

Roy B. Woolsey; David Blonder, Los Angeles, Cal., William Klein, Bernard B. Stimmel, San Francisco, Cal., for appellants.

Morris Lavine, Los Angeles, Cal., for appellee.

Before POPE, BARNES, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal from two orders entered by the district court in an arrangement proceeding brought under chapter XI of the Bankruptcy Act, § 301 et seq., 11 U.S.C.A. § 701 et seq. The debtor and appellee is Rancho Montana De Oro, Inc., a California corporation.

The appellants, all attorneys, are William Klein, Bernard B. Stimmel, and David Blonder. Their interest in the arrangement proceedings is based upon their claims for compensation for legal services. Klein and Stimmel assertedly rendered legal service to the debtor before the arrangement proceedings were instituted. Blonder claimed to have rendered legal service to the estate, as attorney for the debtor, in the early stages of the proceeding.

The two orders appealed from are dated October 21 and 25, 1957, respectively. In the order of October 21, the court disallowed the major portion of the claims of Klein, Stimmel, and Blonder. In the order of October 25, the court denied a motion to vacate and to set aside an order of June 25, 1957, confirming a plan of arrangement.

We will first discuss the appeal from the order of October 21, 1957. On June 4, 1958, we denied appellee's motion to

dismiss this appeal. When the case thereafter came on for argument on the merits, appellee orally and in writing urged us to reconsider this motion.

The principal reason advanced by appellee for dismissal of the appeal from the order of October 21, 1957, is that the notice of appeal was not timely.

 If the notice of appeal from an order entered in an arrangement proceeding is not filed within the time prescribed in § 25, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 48, sub. a, we are without jurisdiction, and the appeal must be dismissed. In re Aqua Hotel Corporation, 9 Cir., 251 F.2d 138, 143.

It is provided in § 25, sub. a that appeals under the Bankruptcy Act shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order, or decree complained of, proof of such notice to be filed within five days after service. This period, however, is extended to thirty-three days where such service is made by mail. Wilson v. Shamrock Amusement Corporation, 9 Cir., 221 F.2d 687. Section 25, sub. a further provides that if such a notice is not served and filed, appeals shall be taken within forty days from the entry of such judgment, order, or decree.

The appeal from the order of October 21, 1957, was filed November 29, 1957. While this notice of appeal refers to two orders of "October 25, 1957," this is not the correct date of the second order appealed from. This second order, as described in the notice of appeal, limited the amount of recovery allowed to appellants individually, and was entered on October 21, 1957.[1]

 Courts are liberal in construing the sufficiency of notices of appeal. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16; Martin v. Clarke, 7 Cir., 105 F.2d 685, 124 A.L.R. 497. The error in the notice of appeal concerning the date of the order appealed

from is immaterial when, as here, the identity of the order is established by other recitals in the notice of appeal. See Porter v. Borden's Dairy Delivery Co., 9 Cir., 156 F.2d 798.

██ No proof of service of notice of entry of the order of October 21 was filed. Appellants therefore had forty days within which to file notice of appeal. In re Aqua Hotel Corporation, supra. The notice of appeal of November 29, 1957, was filed on the thirty-ninth day, and was therefore timely.

The other reasons advanced by appellee for dismissal of the appeal from this order have been examined, but do not, in our view, warrant dismissal. The appeal from the order of October 21 will therefore be considered on the merits.

In the order of October 21, the court disposed of a number of pending matters, only two of which are relevant to this appeal. One of these was a creditor's claim which Stimmel had filed on behalf of Klein and himself on April 16, 1957. The other was a petition, filed by Blonder on September 5, 1957, for the allowance of compensation for services rendered early in the arrangement proceedings.

With regard to the disposition made of the creditor's claim filed by Klein and Stimmel, appellants argue that the order of October 21 should be reversed for the following reasons: (1) The order is not supported by adequate findings of fact and conclusions of law; (2) the trial court erroneously ruled that, as a matter of law, Klein and Stimmel were not entitled to compensation for services rendered prior to the instituting of the arrangement proceedings; (3) reception of testimony, in the absence of appellants or their counsel, in opposition to the claim of Klein and Stimmel denied them due process of law; and (4) under the evidence and in view of the appropriate standards to be applied, it was error to disallow the major portion of Klein and Stimmel's claim.

---

1. While there was a second order of October 25, 1957, it did not fix, allow, or determine the amount of appellants'

compensation, but directed the clerk to make payments to appellants and other persons.

Rule 52(a), Fed.R.Civ.P. 28 U.S.C.A., requiring that in all actions tried upon the facts without a jury the court shall find the facts specially and state separately its conclusions of law thereon, is applicable in bankruptcy proceedings. See Perry v. Baumann, 9 Cir., 122 F.2d 409. In keeping with this rule, an order of a district court disposing of a contested creditor's claim must be supported by findings of fact. Humphrey v. Hart, 9 Cir., 157 F.2d 844.

The creditor's claim filed by Klein and Stimmel was contested. In the original claim it was asserted that they performed services for the corporation prior to the instituting of the arrangement proceedings. These services, according to the claim, consisted of efforts to refinance the existing indebtedness of the corporation. It was also stated that this service was rendered pursuant to an express contract with the corporation, under which Klein and Stimmel were to receive $25,000. It was further stated that the services contracted for were fully performed and that the net amount due under the contract, after taking into account certain advances and payments, was $24,602.63.

On September 4, 1957, the trustee filed objections to this claim. The issues raised by these objections were as follows: (1) Did the corporation enter into a contract with Klein and Stimmel of the kind alleged? (2) If so, was it fully performed by Klein and Stimmel? (3) If there was no contract fixing a fee, but Klein and Stimmel rendered services for the corporation at its request before these arrangement proceedings were begun, what would be just and fair compensation to them for such services?[2]

The order of October 21 contains no recitals denominated "findings of fact." However, it contains a paragraph discussing the claim of Klein and Stimmel which, to the extent warranted by its content, will be regarded as findings of fact.[3]

The only recital in this paragraph relative to the claimed contract is the statement that "no contract was ever submitted in writing to this court or received its approval." If the court meant to imply by this statement that a contract between a debtor and an attorney for services to be rendered prior and unrelated to bankruptcy proceedings cannot provide the basis for a creditor's claim unless the contract has been submitted to and approved by the bankruptcy court, such a legal conclusion is erroneous. There is no such require-

2. See Inter-State National Bank of Kansas City v. Luther, 10 Cir., 221 F.2d 382, 389, where the court said:
"The bankruptcy court has exclusive and summary jurisdiction to allow or disallow claims against bankrupt estates. Bankruptcy Act, § 2, sub. a [11 U.S.C.A. § 11, sub. a]. In the exercise of that jurisdiction, it 'sits as a court of equity' clothed with jurisdiction 'to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate.' Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 246, 84 L.Ed. 281. See also W. F. Sebel Co. v. Hessee, 10 Cir., 214 F.2d 459; Central States Corp. v. Luther, supra 10 Cir., [215 F.2d 38]; 1 Collier § 2.09, p. 162."

3. This paragraph reads as follows:
"The claims of Stimmel and Klein arose from transactions prior to the petition orginally filed in this case on January 5, 1956. Most of these services were not strictly legal in nature, but efforts toward refinancing the property. The size of the claim would warrant the court in rejecting it entirely. Fees may only be paid for services in aid of the administration of an estate. In re Owl Drug Co., D.C., 16 F.Supp. 139, 145. No contract was ever submitted in writing to this court or received its approval. Nothing appears that shows any particular benefit to the estate. From the testimony, it appears that the firm received $700.00 from Mrs. McAllister, the President of the corporation, prior to bankruptcy, which she has petitioned this Court to refund. The advances which Mr. Klein asserts were made to Mrs. McAllister will be offset against the $700.00 paid, and the remainder of the $700.00 may be kept by Stimmel and Klein for their services. In addition, the Court also awards them the sum of $350.00 to cover their services."

ment. In any event, this recital is not a finding of fact on the issue of whether the parties had entered into such a contract.

Having failed to make such a finding, the court did not reach the factual question of whether such a contract, if entered into, had been fully performed by Klein and Stimmel.

Concerning the third factual issue— what would be just and fair compensation to Klein and Stimmel in the absence of a contract—several statements contained in the quoted paragraph of the order of October 21 must be examined.

■ First, the court stated that "most of these services were not strictly legal in nature, but efforts toward refinancing the property." While this is unquestionably true, it has no relevance with regard to the fixing of just and fair compensation. There is no rule that calls for disallowance or limitation of a creditor's claim filed by an attorney for prebankruptcy services because the service was in the nature of business advice or financial assistance rather than legal advice and assistance.

■ Next, the court stated: "The size of the claim would warrant the court in rejecting it entirely." Where a creditor files an obviously inflated claim, this can well affect the credibility to be attached to his testimony as to the service rendered and its value. The words just quoted might therefore have constituted a fitting prelude to a finding of fact that the just and fair compensation to which Klein and Stimmel were entitled was substantially less than that which they claimed.

But no such finding of fact was made, nor was there a finding of any kind as to what the fair and just compensation for their services would be.[4] Instead, the court stated:

"* * * Fees may only be paid for services in aid of the administration of an estate, In re Owl Drug

Co. [D.C.], 16 F.Supp. 139, 145. No contract was ever submitted in writing to this court or received its approval. Nothing appears that shows any particular benefit to the estate."

This language and the fact that the Owl Drug Company case was cited indicate that the court was not dealing with the claim of Klein and Stimmel as a creditor's claim. It was dealing with this claim as if it were for allowances for legal services rendered in the bankruptcy proceeding. Blonder's claim was of this character, but that of Klein and Stimmel was not. It was probably because of this misconception as to the nature of the Klein and Stimmel claim that the court failed to enter findings of fact on any of the three factual issues which were before it,

■ In view of the lack of findings of fact supporting the part of the order disallowing in substantial part the creditor's claim of Klein and Stimmel, the cause must be remanded so that this deficiency may be supplied, and a redetermination may be made thereon.

■ If the court meant to hold, as appellants assert, that as a matter of law Klein and Stimmel would not be entitled to any compensation for services rendered before the arrangement proceedings were instituted, this was error. There is no such legal restriction upon creditor's claims for legal services rendered to a debtor, as distinguished from claims for allowances based on services rendered to the estate.

The purported due process question which Klein and Stimmel raise is without merit, since they were accorded the full right of cross-examination before the hearings on this claim were concluded.

We turn now to a consideration of appellants' arguments directed against that part of the order of October 21 which disposes of Blonder's claim.

---

4. The actual amount allowed by the court after offsetting advances made by Klein and Stimmel ($302.63) against the $700 payment previously made to them, and taking into consideration the additional allowance of $350, was $747.37.

Appellants argue, in effect, that this part of the order should be reversed because (1) it is not supported by adequate findings of fact and conclusions of law; and (2) the court abused its discretion in fixing the allowance for Blonder at a figure very substantially below that claimed.

Blonder filed a petition for the allowance of fees on September 5, 1957. He therein sought compensation in the sum of $7,500, for legal services rendered to the estate, as attorney for the debtor.[5] Such services consisted principally of the preparation of a petition for arrangement, together with attached schedules and proposed plan of arrangement. The work occupied his time from early on the morning of January 5, 1956, to six or seven o'clock p. m., on that day. Some miscellaneous papers were prepared on a succeeding day, a general discussion was held with the principal stockholder of the debtor, and an associate attended a hearing held on January 30, 1956. The value of the estate is in the neighborhood of $500,000.

The debtor filed objections to Blonder's petition for allowances. It was therein asserted that the plan of arrangement proposed by Blonder was unacceptable to the court, and that an order adjudicating the debtor a bankrupt was thereafter entered.[6] The issues raised by this petition and objections later came before the bankruptcy court for hearing, and were intended to be disposed of in the order of October 21. All that order recites on this matter is: "The sum of $250.00 is allowed to David Blonder for his services rendered."

■■■ The authority for the allowance of fees for the bankrupt's attorney is found in § 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, and General Order 42, General Orders in Bankruptcy, 11 U.S.C.A. following § 53.[7] The services here claimed to have been rendered are of the kind for which a bankrupt's attorney may be compensated. See In re Owl Drug Co., supra, at page 146. It was the duty of the court to allow a reasonable compensation for the service rendered.[8] We will not disturb the allowance unless we determine that there has been an obvious miscarriage of justice. Roth v. Reich, 2 Cir., 164 F.2d 305, 311.

For present purposes, we assume without deciding that findings of fact are required where a petition for allowance of fees is contested.[9] There was here no question as to the kind and extent of the service rendered by Blonder, but only as to the reasonable compensation to be awarded for that service. Finding nothing in the record to the contrary, we assume that the bankruptcy court understood that this was the sole issue.

■■■ It therefore seems to us that the quoted recital concerning Blonder's claim amounts to a finding of fact that $250 constitutes reasonable compensation for the services indisputably rendered. This is an adequate finding of fact to support the decretal provision of the order dealing with Blonder's claim.

■■■ The allowance of $250 for the services rendered is indeed modest. Examination of the record, however, convinces us that the amount allowed is not so out of proportion to the services rendered as to warrant the conclusion that there has been an obvious miscarriage of justice. It is entirely possible that the court's appraisal of Blonder's esti-

---

5. Blonder also asked reimbursement for costs and expenses advanced by him in the sum of $61.88.

6. This order was later set aside when a new proposed plan of arrangement, formulated by the debtor's present counsel, was thereafter submitted and accepted.

7. In re Owl Drug Co., D.C., 16 F.Supp. 139, 145; In re Preston, D.C., 89 F. Supp. 866.

8. The court had denied a motion to refer the matter of fees to the referee in bankruptcy.

9. See Levin v. Barker, 8 Cir., 122 F.2d 969, 972; In re Preston, D.C., 89 F. Supp. 866, 869; In re Folker, D.C., 47 F.Supp. 522, 524; In re California Land Buyers Syndicate, D.C., 22 F.Supp. 183, 186; Order 47, General Orders in Bankruptcy, 11 U.S.C.A. following § 53.

mate as to the value of his services was adversely affected by what the court may have considered an obviously excessive claim. At any rate, the bankruptcy court was in a much better position than are we to evaluate those services.

The order of October 21 is affirmed with regard to the allowance of attorney's fee for David Blonder. However, he should also be allowed reimbursement for the $61.88 advanced by him for costs and expenses unless that has already been authorized in some other order.

With regard to the disposition of the creditor's claim filed by Klein and Stimmel, the order of October 21, 1957, is reversed, and the cause is remanded for further proceedings consistent with this opinion. The court, in its discretion, may take further evidence, or may enter findings of fact, conclusions of law, and an order on the basis of the present record.

We turn now to the appeal from the order of October 25, 1957, denying the motion to vacate and to set aside an order of June 25, 1957, confirming a plan of arrangement.

Appellee has moved to dismiss this appeal, advancing several reasons why this should be done. One such reason is that appellants are not parties "aggrieved" within the meaning of § 25 of the Bankruptcy Act, 11 U.S.C.A. § 48, sub. a.

■ Section 25, relating to the practice on appeals, refers to the time allowed for taking an appeal "after written notice to the aggrieved party of the entry of the judgment, order or decree. * * *" It is to be inferred from this language that only an "aggrieved" party may appeal from an order of the bankruptcy court.

■ A party is "aggrieved" within the meaning of the Bankruptcy Act if his property may be diminished, his burden increased, or his rights detrimentally affected by the order sought to be reviewed.[10]

Appellants' interest in this arrangement proceeding is based upon their claims for compensation for legal services. Our problem, then, is to determine whether the order denying the motion to vacate the order confirming the plan of arrangement adversely affects appellants' claims for such compensation. If so, appellants are aggrieved by that order.

The effect of the order sought to be reviewed is to leave in good standing the plan of arrangement as confirmed by the order of June 25, 1957. Pointing to this fact, appellants present two reasons why continued recognition of that plan of arrangement will adversely affect their claims for compensation. The first of these is that the plan of arrangement disallows their claims.

■ That the plan of arrangement purports to disallow the claim of Klein and Stimmel, except for $251 awarded for expenses, is made clear by the provision thereof quoted in the margin.[11] But this provision of the plan was in effect set aside in the order of confirmation. It was there provided that notices be served upon "any and all" creditors, and that any creditor filing an objection within ten days would be heard.

Klein and Stimmel filed such an objection within the specified period and, as recounted earlier in this opinion, a hearing thereon was subsequently had. The order of October 21, 1957, which is also under review on this appeal and which has been discussed above, is an

10. In re Michigan-Ohio Bldg. Corporation, 7 Cir., 117 F.2d 191; In re Camp Packing Co., D.C., 146 F.Supp. 935, 938. See, also, In re Western Pac. R. Co., 9 Cir., 122 F.2d 807.

11. A paragraph of the plan reads:
 "It is further a part of this plan that the findings of fact and conclusions of law of the Referee in respect to the attorneys' fees of Bernard Stimmel and William Klein [sic] of San Francisco, that there is no amount due them except for expenses in the sum of Two Hundred Fifty-one Dollars ($251.00), as found by the Referee, be and It Is Hereby Ordered, Ordered [sic], Affirmed and Ratified."

outgrowth of that hearing. It is therefore clear that the provisions of the plan of arrangement, as confirmed by the court, did not effectuate a disallowance of the Klein-Stimmel claim.

■ With regard to Blonder, the same conclusion must be reached. The plan of arrangement contains a specific provision saving such claims as that of Blonder.[12] The order confirming the plan expressly reserved jurisdiction to pass upon all costs of administration. That jurisdiction was later exercised, and resulted in the order allowing Blonder $250 of his $7,500 claim. We have herein sustained that allowance, but with the provision that he also receive reimbursement for certain costs advanced by him. We conclude that the plan of arrangement, as confirmed, did not effectuate a disallowance of Blonder's claim.

The contention that appellants are aggrieved because the plan of arrangement, as confirmed, operates to disallow their claims is accordingly without merit.

This brings us to the second reason why, in the view of appellants, continued recognition of the plan of arrangement adversely affects their claims for compensation. The plan of arrangement, they contend, disposes of the assets of the estate, making impossible the payment of any awards which may be allowed.

It is true that the plan of arrangement provides for a disposition of assets which does not expressly contemplate payment of the Klein-Stimmel and Blonder claims. But the plan also provides that "[a]dditional monies are available if need[ed]," and "proposes to * * * pay off the unsecured creditors their claims in full."

As of September 12, 1958, there was in the registry of the court, credited to this estate, the sum of $4,148.76. We do not know what sum may be in the registry of the court at the time this opinion is filed, or what other expenses may be chargeable against it. But if the sum which is actually available to pay appellants' claims as finally allowed proves insufficient, the court has only to enforce the provisions of the plan quoted above by requiring that additional moneys be deposited or accrued in the registry. The order of confirmation in reserving jurisdiction to consider and pass upon these claims impliedly reserved jurisdiction to make any order necessary to assure payment of the claims as finally allowed.[13]

It is therefore our opinion that the contention that appellants are aggrieved because the plan disposes of the assets of the estate is also without merit.

The conclusion necessarily follows that appellants are not aggrieved by the order of October 25, 1957, denying the motion to vacate and to set aside the order confirming the plan of arrangement. We therefore hold that the appeal from the order of October 25, 1957, must be dismissed.

The appeal from the order of October 25, 1957, is dismissed. The order of October 21, 1957, is affirmed in part and reversed and remanded in part, as heretofore indicated.

Appellee shall recover one third of its costs on appeal from appellant Blonder. Appellee shall bear its remaining costs, and appellants Klein and Stimmel shall bear their own costs.

12. This provision reads as follows:
"It is further a part of this plan that any attorneys claiming any fees due them shall file their petition and claim under oath for the same upon notice to Rancho Montana De Oro and to the Court, setting forth in full detail what necessary work they have done and what benefits, if any, the estate has received."

13. See 11 U.S.C.A. §§ 767–770; In re High Point Seating Co., 2 Cir., 181 F. 2d 747. The recourse available to the court may, if need be, embrace an order requiring that a deposit be made, that additional revenues be accrued in the registry of the court, that a bond be filed, or that the plan be amended.