William **KLEIN** and Bernard B. Stimmel, Appellants,

v.

**RANCHO MONTANA DE ORO, INC.,**
Appellee.

No. 16480.

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1959.

270

Roy B. Woolsey, Los Angeles, Cal., for appellant.

Morris Lavine, Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and MERRILL, Circuit Judges.

BARNES, Circuit Judge.

This is the second time this matter has come before this Court. The opinion in the first appeal is reported in 9 Cir., 263 F.2d 764. In the first appeal this Court approved a Chapter XI bankruptcy arrangement proceeding, and remanded for additional findings of fact concerning an alleged contract for legal and financial services between debtor Rancho Montana De Oro and attorneys Klein and Stimmel for services rendered prior to the instant bankruptcy proceedings. On remand the district court took additional testimony and found that there was no express contract for such services, and that the reasonable value of the services rendered was $350 plus amounts already received by Klein and Stimmel. Judgment was given for this amount, and from these findings and judgment Klein and Stimmel press this appeal. The district court had jurisdiction under Chapter XI of the Bankruptcy Act, § 301 et seq., 11 U.S.C.A. § 701 et seq., and this Court has jurisdiction of this appeal under 11 U.S.C.A. § 47.

In late November of 1955 Klein, Stimmel and the president and principal stockholder of Rancho Montana De Oro, Inc., a corporation (a Mrs. McAllister), had a conference concerning the financial difficulties with which the corporation was

faced. Mr. Klein agreed to try to avoid disaster by obtaining additional financing or in some other way preventing foreclosure sale of the ranch, which was the principal asset of the corporation. Mr. Klein testified that he worked very hard looking for a means of raising the money, but was unsuccessful. He testified that he expected to receive $25,000 or one-fourth of the stock in the corporation for his efforts. When it became clear that there was no way to avoid foreclosure by additional financing, Klein advised proceeding in bankruptcy under "Chapter 75 of the Farm Relief Act," and prepared the necessary papers. The "Farm Relief Act" had in fact been allowed to lapse by Congress in 1949 and had never been re-enacted. 11 U.S.C.A. § 203, sub. c.

In early January of 1956, the case was forwarded to an attorney in Los Angeles who was to conduct any further proceedings on behalf of the bankrupt. That attorney abandoned proceedings under the "Farm Relief Act." and filed these Chapter XI proceedings, for which he has separately been compensated. After the bankruptcy proceedings had been filed, Klein attempted to get Mrs. McAllister to sign a written contract providing for $25,000 for services which had been already rendered. Forms were also prepared by Klein for the adoption of the contract formally by the corporation, but all these papers, including the contract, were returned unsigned. Mr. Klein and Mr. Stimmel testified that the services were worth $25,000, and that at a minimum the services rendered were worth $10,000 in *quantum meruit*. It is admitted that minor benefits, if any, accrued to the corporation by reason of the alleged services. Opposing counsel, then representing Mrs. McAllister, testified that the services rendered were in fact detrimental to the corporation.

Although there is no specification of errors listed in appellants' brief as required by the rules of this Court, their contentions seem to be three:

1. That there was an express contract between the corporation and Klein and Stimmel to pay $25,000 for "services."

2. In any event, the uncontradicted evidence shows the *quantum meruit* value of the services rendered to be $10,000.

3. The district court judge was biased.

██ For appellants to succeed they must overcome the "clearly erroneous" rule in regard to findings of the trial court. Fed.R.Civ.P. 52(a), 28 U.S.C.A. Even if we were to disregard the testimony of counsel for appellee, and look only at the evidence of appellants, it would seem that the trial court's findings are both adequately supported and clearly correct.

The testimony of Klein would only inferentially support the finding that an express contract had been entered into. That contract allegedly provided for a $1500 retainer. No such retainer was ever paid. Klein's subsequent conduct in changing the terms of the purported contract to exclude any option to accept a one-fourth interest in the ranch when the contract was being put in writing, as well as the attempt to put it in writing, are inconsistent with the alleged express contract. The trial court had the opportunity to personally observe the witnesses testify; we do not.

The alleged disparity between the amount granted, $350, and the amount testified to, $10,000, is readily explained. Even if the testimony of appellee as to value be totally rejected, there is no independent direct evidence of the value of the alleged services. It must be borne in mind that appellants admitted that they accomplished nothing, and that they had advised that proceedings be instituted under a section of the Bankruptcy Act which had lapsed some six years earlier. If the latter advice had been followed it might well have resulted in all property being lost at the foreclosure sale scheduled for January 6, 1956, which sale was enjoined by the district court in the Chapter XI proceedings. The evidence given by Klein and Stimmel themselves seems to adequately support the findings of the trial judge.

272

The attack on the trial judge is unworthy of comment. It is general in nature and not one specific example of bias or prejudice is shown. Ruling against a party cannot constitute legal bias or prejudice.

Since the only valid contentions of the appellants go to the sufficiency of the evidence to support the findings and the evidence seems to clearly support the findings, we affirm.