ANTONIO FIGUEROA RIVERA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, RAMÓN CANCIO, JUDGE, Respondent; ALFREDO HERES GONZÁLEZ ET UX., Interveners.

No. 2561. Decided March 26, 1962.

---

*Angel Cruz Cruz* for petitioner. *Francisco Ponsa Feliú* and *Alvaro R. Calderón, Jr.,* for interveners.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

The question for decision is whether the additional three-

day period provided by Rule 68.4 of the Rules of Civil Procedure enlarges for a like period the thirty-day term to appeal under Rule 53.1(*a*). This petition refers to an appeal taken before the superior court from a judgment rendered by the district court (Rule 53.2). However, the decision in this case applies equally to the procedure of an appeal and to the petition for review from the superior court to this Court (Rule 53.1(*b*)).

■ The petitioner obtained judgment in his favor in the District Court, San Juan Part. The following document appears from the record of the district court:

### "NOTICE OF JUDGMENT

To Mr. Alvaro R. Calderón, Jr., Attorney at Law
Plaza Bldg., San Juan, P. R.

This is notice by the undersigned clerk that this Court has rendered judgment in the above-entitled case under date of April 7, 1959, which has been duly entered and filed in the record of this matter, where you may acquaint yourself in detail with the terms thereof.

And since you are or represent the party aggrieved by the judgment from which appeal may be taken, I am sending you this notice, having filed copy thereof in the record of this case under date of April 7, 1959.

San Juan, P.R., April 7, 1959.

(Sgd.) M. SÁNCHEZ
Clerk"

The defendants-appellees filed a notice of appeal on May 4, 1959, copy of which was served on the plaintiff on May 7. According to a certificate of the clerk of the District Court, San Juan Part, the original of the notice of appeal was filed of record on May 8, 1959. It will be seen that the notice of appeal was filed on the thirty-first day counted from the date the copy of the notice of the judgment was filed in the record, namely, April 7, 1959. We take judicial notice that the following May 7 was Thursday and was not a holiday.

The plaintiff-appellee, petitioner herein, moved for dismissal of the appeal on the ground that it was untimely filed. On July 14, 1959, the San Juan Part of the Superior Court denied his motion, applying the additional period provided by Rule 68.4, inasmuch as notice of the judgment was served by mail. The petitioner urged review before this Court and we issued a writ of certiorari.

Rule 68.4 of the Rules of Civil Procedure of 1958— R.P.P.R., p. 127—provides verbatim that:

"Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him, and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

This rule is substantially the same, and identical insofar as pertinent herein, as Rule 6(e) of the Rules of Civil Procedure of 1943 and Rule 6(e) of the Federal Rules of Civil Procedure.[1]

The problem raised is not entirely novel to us. In *Hernández* v. *Municipal Court*, 69 P.R.R. 827 (1949), we upheld the action of the then District Court of Humacao refusing to review the judgment of the municipal court declaring void the notice of appeal on the ground that it was untimely filed.[2] The law applicable at that time provided that it shall be the duty of the secretary of the municipal court to send to the aggrieved party, or to his attorney, upon the rendering of such appealable judgment or decision, a written notice informing said aggrieved party that such judgment or decision has been rendered, and that a copy of said notice shall be

---

[1] *"Additional Time After Service by Mail.* Whenever a party has the right or is required to do so some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period." Fed. Rules Civ. Proc., Rule 6(e), 28 U.S.C.A.

[2] Under the legislation then in force, Act of March 11, 1908 (Sess. Laws, p. 168), this was one of the infrequent situations in which the proper appellate court could dismiss the appeal.

filed with the record of the case. "The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed." The notice of appeal in that case was filed 12 days after the secretary of the court filed of record copy of the notice of the judgment, the period for appeal being 10 days.

However, the appellants having invoked in the *Hernández* case Rule 6(e) of the Rules of Civil Procedure, counterpart of the present Rule 68.4, we said that the question to be decided in that case was whether the three-day period provided in that rule should be added to the period for appeal. We held that nothing contained in Rule 6(e) *supra* was applicable to an appeal because the Rules of Civil Procedure then in force did not contain any provision regarding the procedure to be followed in appeals, and that, therefore, nothing provided in those rules was applicable to such appeals.

The situation, however, has changed. At present the Rules of Civil Procedure govern the procedure of the appeal and of the review, wherefore we are precluded from disposing of this case barely on the decision in *Hernández*. Let us see. The Act of March 11, 1908 (Sess. Laws, p. 168), as amended by Act No. 2 of March 14, 1929 (Sess. Laws, p. 122), which is applicable to appeals from the then municipal court to the district court, as well as the Act of March 9, 1911 (Sess. Laws, p. 226), which is applicable to the appeals from the then district court to the Supreme Court, made it the duty of the secretary of the court to send to the aggrieved party, or to his attorney, upon rendering an appealable judgment or decision, a written notice informing that such judgment or decision had been rendered, *and that a copy of said notice shall be filed with the record,* and the time for the filing of appeal shall begin to be counted *from the date on which such notice was filed.*

The Rules of 1943 did not govern the appeals. The Rules of 1958 cover this procedure, but Rule 53.1(a), appli-

cable to appeals from the district to the superior court and from the latter to the Supreme Court, as well as Rule 53.1 (*b*), which refers to the petition for review before the Supreme Court, provide that the appeal shall be taken or the petition for review shall be filed within 30 days *after the entry of a copy* of the notice of judgment. As may be seen, Rule 53.1 (*a*) (*b*) did not alter in this sense the previous legislation which it substituted. Now, as before, the period begins to run after the *entry* of a copy of the notice of the judgment.[3]

■■ By its own text Rule 68.4 renders itself inapplicable to the period for appeal or to seek review in providing that there shall be granted three additional days to the party required to do some act within a prescribed period *after the service* of a notice or other paper upon him. The starting point established by this rule is the *service* of the notice or paper, and we have seen that the starting point for filing the notice of appeal or of review is the act of *filing* of record of a copy of the notice of the judgment. In practice, the rule has been thus construed by the profession.

This has been the position taken with respect to Rule 6 (*e*) of Federal Procedure regarding the time for appeal. MOORE maintains outright that the said Rule 6 (*e*) [68.4] does not enlarge the time for appeal, for the same reason that under Federal Rule 73 the starting point from which the time for appeal begins to run is the *entry* of the judgment and not its service, notwithstanding that Rule 77 (*d*) makes it the duty of the clerk to serve notice of such entry to the parties. 2 MOORE, Federal Practice 1497 (2d ed.) ; 7 *Id.* 4002–04.[4] *Cf.*

---

[3] The Code of Civil Procedure (1933 ed.) provided in § 317, already repealed, that the notice of a motion by mail increased the period by one day for every 25 miles between the place of the trial and the place of service, but it referred exclusively to the notice of motions and did not include a notice of appeal.

[4] By amendment of 1946 to Rule 77 (*d*), effective March 19, 1948, it was provided, however, that the lack of notice of the entry of the clerk does not affect the time to appeal, except as permitted in Rule 73 (*a*).

According to Rule 58, the entry of the judgment is a notation in a book called "Civil Docket," kept by the clerk as provided by Rule 79 (*a*).

*Klein* v. *Rancho Montaña de Oro, Inc.*, 263 F.2d 764 (C.A. 9, 1959), in which it was said that the 30-day period to appeal from an order in a bankruptcy proceeding under a provision permitting appeals within 30 days *after written notice* to the adverse party of the entry of such order or judgment, is extended to 33 days where such service is made by mail. 11 U.S.C.A. § 48 (a). To the same effect, *Wilson* v. *Shamrock Amusement Corporation*, 221 F.2d 687 (C. A. 9, 1955). These cases illustrate the difference between a starting point which consists in the entry of the judgment or in the filing of record of a copy of the notice, as in our own procedure, and when the starting point consists in the notice of the judgment. In the former instance, the time is not extended by Rule 68.4; in the latter, it is extended if service is by mail.

Lastly, it could be argued that a party may run the risk of forfeiting the right of appeal or of review in a case where copy of the notice is filed of record, and the clerk does not actually serve the same within the time for appeal, or sends it so untimely that a party would not have sufficient time to prepare a review. As a matter of practice and of reality, the notice of the judgment and the filing of record of a copy of such notice are acts which are performed simultaneously, and experience shows that usually it is so done. However, if on some occasion there would be such a risk as a result of an act of gross negligence of the clerk, there would always be means to safeguard the rights of a party thus prejudiced.[5] In the case at bar the record does not disclose the mailing

---

[5] *Hill* v. *Hawes*, 320 U.S. 520 (1944), is an example of a corrective. The clerk of a district court sent the notice of entry of the judgment seven days after the expiration of the period for appeal. In order to correct such omission, the trial judge vacated the judgment entered and rendered a new one so that the party could appeal in due time. This notwithstanding, the court of appeals believed that this appeal was taken out of time and dismissed. On reversal, the Supreme Court upheld the appeal taken from and after the second entry of the judgment. Rule 77 (d) was amended subsequent to this decision adding the matter to which we made reference in footnote 4 *ante*.

date of the notice of the judgment, although it was admitted that it was made by mail. The appellee has not raised any question regarding the fact that service was not made by mail on the filing date of a copy thereof, or that he was in some way prejudiced. His notice of appeal, which consists merely in informing that he felt aggrieved by the judgment rendered, is dated May 4, 1959, three days before the expiration of the period, and notice was served on the adverse party on May 7. Had it been filed on this date and not on the following day, no problem would have arisen.

The starting point of the term for appeal or to seek review under the existing Rules of Procedure being the date of the filing in the record by the clerk of a copy of the notice of the judgment, as it was also under former legislation, the additional three-day period granted by Rule 68.4 is not applicable to these petitions because it refers to acts to be done from and after service of *notice*, if it is made by mail.

The order appealed from will be set aside and the case remanded to the San Juan Part of the Superior Court with instructions to dismiss the petition for lack of jurisdiction.

